WILLIAM M. COOK v. MALIZA SPARKS.

1. JUDGMENT—EXECUTION.—An execution was levied on land in 1865, upon the dissolution and dismissal of an injunction; a writ of *vendi-*

*tioni exponas* was also issued on the judgment, which had been enjoined, which had been rendered in 1858, but which was left in force after the injunction had been dissolved : *Held*—

1. That while the satisfaction of the last judgment, against the original defendants and their sureties, would have extinguished the liability on the first judgment, until that was done, there was no inconsistency in both judgments remaining in force at the same time, for the security of the payment of the same debt ; and the plaintiff was entitled to the benefit of the increased liability against the original defendant, and their securities on the injunction bond as recovered in the last judgment.

2. An execution having issued on the last judgment, it was irregular to issue a *venditioni exponas* on the first judgment.

2. SAME.—The land of one against whom judgment had been rendered, was levied on in 1865, and sold under a writ of *venditioni exponas*, in 1874, which issued about nine years after the return of execution on which the original levy was made ; but the judgment debtor died in 1868, and his widow was administering on his estate, independent of the control of the Probate Court, under a will probated before and at the time the writ issued ; the judgment creditor became the purchaser at the sheriff's sale. On a motion made by the widow to set aside the writ of *venditioni exponas*, and levy and sale of the land thereunder, after the return of the writ : *Held*—

1. That though a motion to set aside the writ may not be entertained after its return, for a defect merely formal, yet on a motion to set aside a levy and sale, the execution, and the circumstances under which it was issued, and the judgment on which it was based, as well as extraneous facts affecting their validity, could be inquired into by the court. The writ and the return of sale were voidable as between the parties to the motion.

2. It is no objection to the motion that it involves the ascertainment of facts outside of the record, upon which issue might be joined.

3. Such a motion is now generally adopted in practice in place of, and is often in the nature of, a proceeding of *audita querula*.

4. From a judgment rendered on such a motion, an appeal will be allowed, as on other final judgments.

5. The writ of *venditioni exponas* having been issued after the death of the judgment debtor, and the property having been bought under it by the judgment creditor, the judgment not having been revived against the executrix, there was no error in setting aside the writ and return of sale, nor is this conclusion affected by the fact that the executrix was administering the estate without control of the Probate Court.

6. The question as to whether a sale made by the officer under such a writ is void or voidable, discussed.

3. APPROVED: Scott v. Allen, 1 Tex., 512; Bennett v. Gamble, 1 Tex., 132; Martin v. Rice, 16 Tex., 160; and Bryan v. Bridge, 6 Tex., 137.

4. DISCUSSED: Webb v. Mallard, 27 Tex., 82.

APPEAL from Matagorda. Tried below before the Hon. William H. Burkhart.

*A. B. Petticolas,* for appellant.

I. Can an execution be quashed and set aside, and the sheriff's deed thereunder pronounced null and void, when the motion to quash the execution is made after the execution has been returned?

Appellant insists that this cannot be done; a thing already dead cannot be killed; and in support of this position refers to the following authorities: Scott v. Allen, 1 Tex., 508; Martin v. Rice, 16 Tex., 158; Portis v. Parker, 8 Tex., 28.

II. Can an execution be legally enforced against the estate of Sparks, deceased, where the levy was made on a prior execution before his death, and (that levy being suspended by injunction) after his death a *venditioni exponas* was issued to make sale of the property levied upon, it being realty, where Sparks left behind him a will providing that no action should be taken in the Probate Court in the administration of his estate, except to probate his will and return an inventory?

Appellant claims that Sparks's will, taking his estate out of the jurisdiction of the Probate Court, had the effect to make his property subject to execution, after his death, precisely as it was before, and that his executrix, being privy in estate, is bound by that judgment against Sparks in his lifetime, without the necessity of a second suit upon that judgment. This doctrine is clearly taught by our Supreme Court in Pleasants v. Davidson, 34 Tex., 459.

III. Where an injunction is obtained under our statute,

restraining the collection of a money judgment, and after-
wards, upon the hearing, the injunction is dissolved, and a
judgment rendered by the court against the plaintiffs in
injunction and their sureties, for the amount enjoined and
damages, is such statutory judgment upon the injunction
bond a merger and extinguishment of the original judgment?
Appellant believes not.

It is a statutory judgment, under art. 3936, Paschal's Dig.,
and therefore could not have been incorporated in it, if all
parties had been willing, all the liens of the first judgment, so
as to give them their full force and effect, because it is
simply a creature of the statute. (Lively v. Bristow, 12 Tex.,
60; Kendrick v. Rice, 16 Tex., 261.)

It is simply additional security to the plaintiff, not entit-
ling him to full satisfaction upon both judgments, perhaps,
but certainly giving him the security of both judgments for
his debt. The question, however, was settled by Austin v.
Townes, 10 Tex., 29.

*F. S. Stockdale*, for appellee, discussed the case of Rose v.
Allen, 1 Tex., 508, and insisted that no analogy existed
between Howard v. North, 5 Tex., 290, and the case at bar.
On the proposition that a judgment against one while alive
cannot be enforced by execution, or *venditioni exponas*, against
his estate after death, without reviving judgment against his
representatives, he cited Chandler v. Burdett, 20 Tex., 42;
Conkrite v. Hart, 10 Tex., 140; and Emmons v. Williams,
28 Tex., 776.

ROBERTS, CHIEF JUSTICE.—This is a motion made by ap-
pellee against appellant to set aside a writ of *venditioni
exponas*, and a levy and sale thereunder of several tracts of
land. The execution, upon which the levy of the land was
made, in 1865, was issued upon a judgment rendered in 1859,
upon the dissolution and dismissal of an injunction; and the
writ of *venditioni exponas* was issued on the judgment en-

joined, which had been rendered in 1858, but which had been left in force after said dissolution of the injunction. There is no inconsistency in both judgments being in force at the same time, for the security of the payment of the same debt, and the plaintiff was entitled to the benefit of the increased liability against the original defendants, and the sureties on their injunction bond, as recovered in their last judgment. The satisfaction of that, however, would have extintinguished the liability on the first.

The execution having issued on the last judgment, it was certainly irregular to issue the *venditioni exponas* on the first judgment.

The main objection, however, to the levy and sale of the land was, that Daniel P. Sparks, one of the defendants in both of the judgments, and whose land was levied on by virtue of the first execution, in 1865, and sold under the *venditioni exponas*, in 1874, died in 1868, and his estate was being administered by his wife, Maliza Sparks, under his will, duly probated, in the county of Calhoun, in the State of Texas, long before and at the time of the issuing of the last writ, and the sale under it, at which sale William M. Cook became the purchaser, as shown by the return of the sheriff.

Cook excepted to the motion, as not being a proper remedy to set aside the writ, levy, and sale, or either of them. He also answered, that Maliza Sparks was acting as executrix of the will, independent of the control of the Court of Probate, and that after purchasing said tracts of land at said sale, he had conveyed part of the same to Henry Bender, of Comal county, Texas, who should be made a party. The said Bender was not made a party to the proceeding, and there was no proof of the fact of the conveyance, as alleged, and therefore this part of the answer need not be further noticed.

First, as to this motion being a proper remedy for the matters complained of. It is contended, that after the return of the writ, a motion cannot be entertained to set it aside. That may be so, when there is a merely formal defect. (Por-

tis *v.* Parker, 8 Tex., 28.) But on a motion to set aside a levy or sale, the execution, and the circumstances under which it was issued, and the judgment on which it is based, as well as extraneous facts affecting their validity, may be inquired into by the court. (Scott *v.* Allen, 1 Tex., 512; Bennett *v.* Gamble, 1 Tex., 132; Martin *v.* Rice, 16 Tex., 160.)

It was contended, that this motion was not a proper proceeding, because it involved the ascertainment of facts outside of the record, upon which issue might be joined, and which should be properly determined by a jury. In the first cases decided by this court, this matter was not discussed; but in the case of Bryan *v.* Bridge, 6 Tex., 141, which involved an investigation of facts relating to the levy that did not appear of record, the question was directly made, and the motion decided to be a proper remedy. Indeed, it would seem to be a necessary power, proper to be exercised by every court, to correct any material irregularity in or abuse of its process, when, upon a motion made for that purpose, the matters complained of were apparent from the records in the case.

A motion, made upon the return of an execution, to set aside a levy and return of the sheriff, upon grounds not apparent in the record, is adopted now generally in practice, in place of, and is often in the nature of, a proceeding of *audita querula.* In the case of Baker *v.* The Judges of Ulster C. P., it is said, "he might have sought relief by an *audita querula,* but it is usual to grant the same relief upon motion." (4 John., 191; 1 Bouv. Law Dic., 151.)

It was said by the Supreme Court in South Carolina, that "where the facts are doubtful, and the court should be unwilling or unable to decide them, an issue might be ordered, which, I think, is the practice in this State; and then such an issue would become the substitute for the formal and technical writ of *audita querula,* and answer the same end." (Lovejoy *v.* Webber, 10 Mass., 102.)

It has been the uniform practice in this State to entertain

motions of this sort, and, from judgments rendered therein, appeals have been allowed and sanctioned, as upon other final judgments. (Scott *v.* Allen, 1 Tex., 510, and other cases cited.)

It appears by the judgment that the matters involved in this motion were submitted to the court, and, the exceptions to it being overruled, the court pronounced upon the law and upon the facts in favor of the mover, and rendered a judgment accordingly, setting aside the return of the sheriff, and the sale of the land therein described.

The controlling fact doubtless was, that the writ of *venditioni exponas* was issued, and the sale as returned by the sheriff was made, long after the death of Sparks, one of the defendants in the judgment and execution. It is important to notice also that the *venditioni exponas* was issued about nine years after the return of the execution, upon which the levy was made, and there are no facts in the case tending in the least degree to account for the long delay.

It would be sufficient for this case to hold, that the writ and the return of sale were voidable, as between the parties to this motion. Having been issued after the death of Sparks, and the property having been bought by Cook, the plaintiff in execution, as returned by the sheriff, the judgment of the court, in setting them aside, as between them, is sustained by all of the authorities, and many of them hold that the sale is absolutely void as to every one, the judgment not having been revived against the executrix. (Bennett *v.* Gamble, 1 Tex., 133; Conkrite *v.* Hart, 10 Tex., 140.) The authorities are cited from the different States, in which these different views are taken, and a doubt is expressed as to its being properly held void in the case of Webb *v.* Mallard, 27 Tex., 82, decided by this court.

Its nullity is strongly maintained by decisions of the Supreme Court of the United States. (Erwin's Lessee *v.* Dundas *et al.*, 4 How., 58; Ransom *v.* Williams, 2 Wall., 317.)

In the case last cited, Mr. Justice Swayne says: "By the common law, the death of either party arrested all further proceedings in the case." "When a defendant dies after judgment, and an execution is subsequently issued, without the notice required by the statute having been given, or the judgment revived by *scire facias*, the execution is a nullity. In 2 Bacon's Ab., p. 731, title "EXECUTION," note, it is said, that "if the defendant die in the vacation, judgment may be still entered after his death, as of the preceding term, when he was living, and it will be a good judgment at common law, as of that term, though execution cannot be sued out upon it against the representative of the defendant, until it is revived by *scire facias*."

It is contended that execution could issue against the estate of Sparks, in his name, because it was being administered by his wife as executrix, without the control of the Probate Court, according to the terms of the will. The statute of this State, authorizing such a will to be made, then in force, provided that the estate "shall become like any other property to be administered under a power, chargeable in the hands of a trustee, and liable to execution in any court having jurisdiction." (Paschal's Dig., Art. 5628.) This seems to be designed to define the status of the property in the hands of the executor, under such a will as being held, not for his own benefit, but in a fiduciary capacity for the benefit of those who have a beneficial interest in it, and in that sense he is in the position of a trustee in respect to the estate. But if he were a trustee in the ordinary sense, it would not follow that any one having an interest in the estate could reach the trust property in his hands without making him a party to a suit instituted for that purpose. In such case it would be proper that he should be made a party, and the property should be specified upon which action should be taken in charging it, and a decree would be rendered, requiring him to sell it, if necessary, instead of its being sold

under execution issued from any court having jurisdiction, as prescribed by the statute. That would result in subjecting him to the direction of some court in administering the estate under the will, instead of holding him responsible for any violation of his duty that he might be guilty of in respect to the rights of others. Without endeavoring to subject this sentence, found in the statute, to a more critical analysis, it may, it is believed, be regarded simply as an attempt to abbreviate the corresponding clause in the former law, by giving what was regarded as its legal effect, with, perhaps, something more that is not very obvious.

That clause is as follows: "In all such cases, any person having a debt or claim against said estate, may enforce the payment of the same by suit against the executor of said will; and when judgment is recovered against such executor, the execution shall run against the estate of such testator in the hands of such executor." (Paschal's Dig., art. 1371.) This is very plain, and it is not shown that there was ever any complaint of it. It has been re-enacted in the law of the last session of the Legislature. (Genl. Laws, 1876, sec. 117, p. 124.) Upon general principles, inasmuch as a judgment is a subsisting proceeding in court until it is finally executed, there should be proper parties to it, both as plaintiffs and defendants, representing the interests liable to be affected by it at every stage, and in every step taken in it. One of the reasons given why, upon the death of a defendant, the judgment should be revived against his representative is, to enable him to show that it has been satisfied, or that for some other reason it is not a subsisting or valid claim against the estate which he represents. The great length of time between the levy and the sale in this case, without any explanation given for the long delay in following up the proper remedies in the execution of the judgment, and the death of the defendant, in the meantime intervening, would make it reasonable, apart from other considerations, that the executrix should have an opportunity to show that the estate in her hands is

not liable for it before the property is seized and sold under execution. There being no error in the judgment, it is affirmed.

AFFIRMED.