FIRST BANK OF MERTENS v. FRITZ STEFFENS.

Decided May 30, 1908.

**1.—Verdict—Judgment.**

In a suit for damages for the levy of an execution, upon the ground, among others, that the judgment on which the execution issued had been satisfied before the execution issued, and where the court by its charge limited the right of the plaintiff to recover to a finding by the jury that the judgment had been satisfied, a verdict in favor of plaintiff necessarily involved a finding that the judgment had been satisfied, and was sufficient to support a judgment cancelling the judgment.

**2.—Charges—Repetition—Undue Prominence to Issue.**

Upon an issue of exemplary damages for the levy of an execution upon property alleged to be exempt, special charges considered, and held to emphasize said issue unduly, and calculated to impress the jury with the belief that in the opinion of the court plaintiff was entitled to recover.

**3.—Exemplary Damages—Rule.**

To warrant a recovery for exemplary damages there must be some bad motive or such reckless conduct, either intentional or grossly negligent, as shows a conscious disregard for the rights of another. Charge considered, and held erroneous.

**4.—Exemptions—Levy of Execution—Damages.**

One who knowingly causes an execution to be levied on exempt property with the intent to harass and oppress the debtor, is liable for exemplary damages.

Appeal from the District Court of Hill County. Tried below before Hon. W. C. Wear.

*Morrow & Smithdeal,* for appellant.

*Prendergast & Williamson,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was brought by appellee against appellant for damages on account of the levy of an execution. It is charged that the property seized was exempt property and that the judgment on which the execution was issued was satisfied prior to the issuance of the execution. The plaintiff claimed actual damages and exemplary damages. The trial before a jury resulted in a verdict in favor of the plaintiff for actual and exemplary damages, upon which the court rendered judgment. Motion for a new trial was overruled from which this appeal was prosecuted.

It is insisted that there being no finding by the jury that the judgment upon which the execution issued was satisfied, the court was not

authorized to cancel it. In other words, that the verdict does not support the judgment. While the verdict does not contain a specific finding that the judgment upon which the execution issued had been satisfied as to Fritz Steffens at the time of its issuance, it is clear, from the record, that their verdict necessarily embraces such finding. Paragraph one of the charge instructed the jury to find for plaintiff for the value of the cotton levied upon, which was growing and ungathered upon the plaintiff's homestead, the same being exempt from execution. In paragraph two they were instructed, in substance, that if they found that the judgment upon which the execution was issued had been satisfied as to Fritz Steffens when the execution issued, then they were authorized to find for plaintiff the value of "the cotton that had been gathered and in the wagon, and the coal, which was levied upon by virtue of said execution." These are the only paragraphs of the charge authorizing a recovery for actual damages. The execution was levied upon cotton standing ungathered in the field, also on cotton in the seed which had been picked and in the wagon, and on about twenty-six tons of coal. It is clear from the verdict that it embraced a finding for the seed cotton in the wagon and the coal. The charge did not authorize a recovery therefor, unless the jury first found the judgment upon which the execution issued had prior to its issuance been settled as to Fritz Steffens. The verdict is as follows: "We, the jury, find for the plaintiff the sum of ($917.60) nine hundred seventeen dollars and sixty cents actual damages, and ($250.00) two hundred and fifty dollars exemplary damages."

The plaintiff entered a remittitur for $195, the value of twenty-six tons of coal at $7.50 per ton, and judgment was entered on the balance of the verdict, and the judgment upon which the execution issued was canceled as to Fritz Steffens.

At the request of plaintiff the trial court gave a special charge as follows: "That the cotton that was growing on his home near Walling was exempt property and the same was not subject to a levy of the execution issued on September 14, 1906, and if you believe from the evidence that the defendants wilfully caused such execution to be levied on such cotton for the purpose of injuring, oppressing or harassing plaintiff, in addition to the value of said cotton he is entitled to exemplary damages in such sum as to you may seem proper under the evidence."

The main charge in paragraphs 6, 8 and 9 thereof fairly submitted the issue of exemplary damages and in addition thereto, the court gave the appellee's special charge above quoted and his special charge No. 3 as follows: "If you believe from the evidence that an agreement of settlement was made between plaintiff and defendant of the judgment recovered by the First Bank of Mertens against Paul & Steffens and August Gherring, and that to consummate such settlement, plaintiff, Fritz Steffens, executed his notes for eight hundred dollars and secured payment of same by chattel mortgage, and that after said settlement had been effected that defendants had issued out of the District Court of Hill County, Texas, an execution on September 14, 1906, and directed the levy of such execution on the property of plaintiff, then and in that event such acts would be wrongful, and if you find such facts are true

then you are directed and instructed that you will find for plaintiff such sum, in addition to the value of his cotton and coal so levied on, for exemplary damages as in your opinion from the evidence plaintiff would be entitled to for the infliction of such wrong upon him." The giving of these special charges was error. They unduly emphasized the issue of exemplary damages and were calculated to impress the jury with the belief that in the opinion of the court plaintiff was entitled to recover therefor.

Again, special charge No. 3 does not announce a correct proposition of law. It authorized a recovery for exemplary damages if the judgment upon which the execution was issued had been satisfied at the time of its issuance as to Fritz Steffens and if defendant directed its levy upon plaintiff's property. The plaintiff in the execution, appellants here, contended that the judgment was only to be settled on condition that the other defendants in the judgment also settled their parts of the same; that this was not done, and hence they caused the execution to issue. The appellee contended that the settlement as to him was without condition. Each side introduced evidence to support his contention. To warrant a recovery for punitory or exemplary damages there must be some bad motive or such reckless conduct, either intentional, or grossly negligent, as shows a conscious disregard of the rights of another. Erie T. & T. Co. v. Kennedy, 80 Texas, 71. If the judgment was settled as to appellee and appellants caused execution to issue thereon and directed it to be levied upon appellee's property for the purpose of oppressing and harassing him, then appellants would be liable for punitory or exemplary damages.

The court did not err in permitting the plaintiff to introduce in evidence the officer's return on the execution issued on August 21, 1906, on the judgment in cause No. 7647. The return contained the following: "This levy released and this release and this writ hereby returned without any money being collected." The sheriff testified to the effect that he levied the execution on everything he found. But that they got up a compromise on that day, and the levy was released upon the instructions of appellants. This occurred on August 22, 1906, the day appellee testified the judgment as to him was settled. The court charged the jury that the officer's return on the execution should not be considered in determining whether there was an agreement for a settlement of the judgment.

Nor was there any error in admitting the evidence of J. F. Rowe as to the representations made by appellants to Mrs. Steffens to sign the note and mortgage given in settlement by Steffens of the judgment as to him, there being evidence that appellants would not make the settlement unless Mrs. Steffens signed the note and mortgage; or the testimony of Mrs. Steffens that she and her children were in the field picking cotton and that she was in a family way at the time the levy was made.

There was no error in refusing appellant's special charge No. 7 as follows: "Unless you believe from the evidence that at the time A. L. Smith caused the levy on the growing cotton of plaintiff and that said Smith knew that said cotton was exempt, and with such knowledge, made said levy with malice, to oppress plaintiff, you can not assess any exemplary damages by reason of the levy on said growing cotton."

We can not approve this charge. If Smith knew the cotton was exempt and made the levy to harass and oppress plaintiff appellant would be liable for exemplary damages. The court in the main charge correctly charged the jury on the law of exemplary damages, and in addition, gave appellant's special charges Nos. 1 and 6, which fully embraced special charge No. 7, so far as the same announces a correct proposition of law.

The errors pointed out only affect the recovery for exemplary damages. If the appellee will, within ten days, enter a remittitur in this court for the exemplary damages, the judgment will be affirmed; otherwise it will be reversed and the cause remanded.

*Affirmed upon remittitur.*