STEGER LUMBER CO. v. McSWAIN et al.
(No. 1573.)

(Court of Civil Appeals of Texas. Texarkana. March 3, 1916. Rehearing Denied March 9, 1916.)

JUDGMENT ☞403—SATISFACTION—EFFECT.

Equity will not interfere to set aside a judgment where, after its rendition, there was a compromise and settlement, and, in violation of the compromise, execution issued and a judgment was satisfied by sale of the property to a third person; the remedy then being by an action at law for damages for the wrongful taking, and not to set aside the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 764; Dec. Dig. ☞403.]

Appeal from Fannin County Court; S. F. Leslie, Judge.

Action by Mrs. E. G. McSwain and others against the Steger Lumber Company, a corporation. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

The Steger Lumber Company, a corporation, filed suit on June 17, 1914, against H. M. Curtis, Shelby Hudson, and Mrs. E. G. McSwain, doing business as partners, for a balance of $216.77 due on account. After the regular service of citation on the defendants, and at the regular term of court on July 7, 1914, plaintiff took a judgment by default against the defendants for $91.70, with interest from date and costs of suit. On December 2, 1914, the plaintiff in the suit caused to be issued a writ of execution to enforce the judgment; and the sheriff levied the writ on personal property of the defendant Mrs. E. G. McSwain, and, after selling such per-

sonal property, applied the proceeds of sale to the full satisfaction of the judgment and costs. The plaintiff by attorney on February 20, 1915, entered on the margin of the judgment entry in the minutes of the court that the judgment was satisfied with the proceeds of sale under execution. On June 17, 1915, the defendants filed the instant suit to set aside and cancel the judgment and any execution thereunder, alleging as grounds therefor that after the institution of said suit the defendants and the plaintiff agreed upon a settlement and compromise of the suit, and that thereafterwards defendants paid to said plaintiff, and plaintiff accepted, the sum of $207.30 in full settlement of the indebtedness sued on; and that it was further agreed and understood by and between the parties to said settlement that the said suit would be dismissed at the costs of the plaintiff therein, and that defendants therein would not be required to make any defense in the suit nor to pay any other sum or sums of money on account thereof. That, relying upon said agreement and settlement, the defendants therein made no appearance in the suit, and paid no further attention to the suit, and did not know until about January 8, 1915, that the plaintiff therein had taken judgment against them in said suit, in violation of said compromise agreement and settlement; that the plaintiff in the judgment had caused an execution to be levied on the property of the defendants therein, and had caused the property to be sold under the execution. The prayer was:

"Wherefore plaintiffs pray that said defendant be cited to answer this petition, and on hearing hereof the judgment heretofore rendered in said cause of Steger Lumber Company v. H. M. Curtis et al., No. 2862 on the docket of this court, be reopened, vacated, set aside, and annulled, and the execution and sale so had under said fraudulent judgment be declared null and void, for cost of suit, and relief, general and special, to which they may be entitled in law or equity."

The jury made the finding, on special issues, that there had been a compromise agreement and settlement before the taking of the judgment. The court entered, in accordance with the prayer of the petition, a decree setting aside and declaring null and void the judgment execution and the levy and sale made thereunder. Appellant appeals, seeking revision of that decree.

Thos. P. Steger, of Bonham, for appellant. A. P. Bolding and J. W. Gross, both of Bonham, for appellees.

LEVY, J. (after stating the facts as above). The proceeding in the instant case is by intendment in the nature of a bill in equity, wherein appellees are, according to the averments, merely seeking to be relieved against a judgment taken at a former term of court, in violation of a previous compromise agreement and settlement by payment, after suit and before judgment, of the debt sued on in such suit. And the evidence conclusively shows that subsequent to the rendition of the judgment complained of, and nearly four months before the institution of the present proceedings, the judgment had been fully enforced and paid by proceeds of execution sale, and formal entry of satisfaction of the judgment had been duly registered. And there does not appear any evidence that the plaintiff in the judgment was endeavoring or threatening to make further attempt at enforcing such satisfied judgment. And it appears that the plaintiff in execution was neither the purchaser of the property sold under execution, nor in possession of or claiming the same. Since satisfaction under execution, and formal entry thereof, of the judgment had the legal effect to extinguish and wipe out the judgment debt and cancel the judgment, it could not be legally further executed or enforced. As remarked in the similar case of Fluegelman v. Armstrong, 59 Misc. Rep. at page 508, 110 N. Y. Supp. at page 969:

"It is perfectly clear that at the time the motion was made to open the defendant's default and to vacate and set aside the judgment there was no judgment in existence, and therefore nothing for the court to exercise its power upon. The judgment had been extinguished."

Consequently there manifestly appears adequate relief against injury by reason of the judgment, which was legally vacated and extinguished by full satisfaction, and a want of any need or ground for equitable assistance. Equity could give no further assistance and grant no more relief against further injury from the judgment than already adequately existed to appellees. Equity action, under common principle, is not granted where there is no real injury to be apprehended. Watrous v. Rodgers, 16 Tex. 411; Whitman v. Willis, 51 Tex. 421. And equity action is given, in the character of cases such as pleaded, to afford relief either by preventing the deprivation of property or by restoration of the property so wrongfully and unjustly taken. For instance, as a ground of relief courts of equity interpose and prevent the enforcement or further collection of a judgment where the demand upon which it is based has been fully satisfied prior to its entry (Gates v. Steele, 58 Conn. 316, 20 Atl. 474, 18 Am. St. Rep. 268; Greenwaldt v. May, 127 Ind. 511, 27 N. E. 158, 22 Am. St. Rep. 660; Hibbard v. Eastman, 47 N. H. 507, 93 Am. Dec. 467), and make restoration of the property wrongfully taken, where circumstances permit (Cook v. Sparks, 47 Tex. 28), and interpose, in circumstances where the judgment is not in fact satisfied and should be vacated, to prevent its being further enforced (Heath v. Garrett, 50 Tex. 264; Hirshfeld v. Brown, 30 S. W. 962; American Surety Co. v. Bernstein, 101 Tex. 189, 105 S. W. 990). But where, as here alleged and proven, the judgment has since rendition been satisfied by process of execution, the remedy for such wrongful taking of the property is an action for damages. Cleveland v. Tufts, 69 Tex.

580, 7 S. W. 72; Bank of Mertens v. Steffens, 51 Tex. Civ. App. 211, 111 S. W. 782. See, also, Chambliss v. Hass, 125 Iowa, 484, 101 N. W. 153, 68 L. R. A. 126, 3 Ann. Cas. p. 16, showing that involuntary payment of the wrongful judgment does not operate as a waiver of right to restitution or redress by proper action therefor. Therefore, in view of the facts stated, it is believed that it should be held, as insisted by appellant under proper assignment of error, that there is failure to prove any need or ground for equitable relief against injury by reason of the judgment.

The case of Patterson v. Keeney, 165 Cal. 465, 132 Pac. 1043, Ann. Cas. 1914D, 232, relied on by appellees, is purely a statutory proceeding to set aside a default judgment, which does not obtain so extendedly in this state. It may be remarked, though, that quite a different case would have been presented here if the petition had, besides attacking the judgment as it did, gone further and sought damages as for conversion or wrongful taking of property under execution. And we do not by the remark intend to agree, as urged by appellees, that such character of suit must necessarily be brought in the court where the judgment was originally rendered.

It is concluded that the court erred in not granting the motion for new trial, as complained of by appellant, and the judgment is reversed, and the cause remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes