Francisca R. PEREZ, a Feme Sole,
Appellant,

v.

H. G. GEORGE et al., Appellees.

No. 11084.

Court of Civil Appeals of Texas.

Austin.

May 1, 1963.

Rehearing Denied May 15, 1963.

Raymond E. Ehrlich, Pharr; Miller F. Armstrong, Jr., Weslaco, for appellant.

J. D. Vollmer, Mercedes, for appellees.

PHILLIPS, Justice.

This is an appeal from a summary judgment granted by the Trial Court to the defendants below and appellees in this court, in response to a suit for damages brought by the plaintiff or appellant here, allegedly arising from the wrongful eviction of appellant from her home.

The appellant, Francisca R. Perez brought suit against H. G. George, Eli Rios, and other defendants for damages for the wrongful eviction of appellant from her home under an alias writ of restitution on a judgment for possession that had been previously obtained in the justice court.

Appellant alleged that in 1959 she purchased a home in Mercedes, Texas from appellees H. G. George and Eli Rios; that she was in default for the payments due for October, 1960 and November, 1960 in the amount of $60 each; that a suit for possession was filed by appellee Rios against the appellant in the Justice of the Peace Court and that judgment for possession was entered on November 16, 1960; that on December 7, 1960, she settled the judgment for possession by paying the arrearages under her contract, the current monthly payment, court costs and attorney's fees of the appellee in the case; that one

of the provisions of the payment was that the judgment would be fully settled and satisfied; that thereafter plaintiff again became in default of her contract; that appellees H. G. George and Eli Rios did not file a suit for possession based on the latter default, but caused an alias writ of restitution to be issued on February 8, 1961 based on the settled judgment and caused appellant to be forcibly evicted from her home.

By answer appellees denied the terms of the settlement agreement; alleged that appellant breached the settlement agreement; that appellant did not act in good faith in performing the provisions of the settlement agreement, then pleaded the judgment in the Justice of the Peace Court as res adjudicata and collateral estoppel.

As an alternative defense, appellees contend that they are entitled to possession of the property under the original contract of sale entered into between the parties inasmuch that if there had been a settlement agreement, the original contract of sale had been reinstated; that this original contract of sale had been breached by appellant's alleged defaults in payments since the settlement agreement.

After filing the above mentioned answers, the appellees filed a motion for summary judgment stating that there was no genuine issue of any material fact and prayed for judgment on the two theories set out in the answers described above.

Appellant filed a controverting affidavit stating under oath the terms of the settlement agreement and further that no other agreement had been entered into between the parties.

The court granted appellees' motion for summary judgment.

■ The record presented this court discloses an issue of fact as to whether or not there was an agreement and payment that satisfied and extinguished the judgment that appellees obtained against the appellant in the Justice Court. Gulben-

kian v. Penn, 151 Tex. 412, 252 S.W.2d 929.

■ If the judgment had been satisfied and extinguished, there was no basis for appellees' writ for possession and the writ was invalid. Steger Lumber Co. v. McSwain, Tex.Civ.App., 184 S.W. 292, no writ history, 34 Tex.Jur.2d, Sections 644 and 646 and the cases there cited.

■ Appellees contend that even though their judgment obtained in the Justice Court should be satisfied and extinguished, that appellant still is subject to the original contract of sale under which she entered into possession of the property. This contract which was made a part of appellees' pleadings and was entered into evidence specifically states that appellees will be entitled to possession of the property upon default and also entitled to retain whatever payments appellant has made as liquidated damages. Appellees further contend that the eviction of appellant was valid even though the writ used to obtain possession was wrongfully procured and cites Willis v. Mays, Tex.Civ.App., 177 S.W.2d 1000, writ ref., w. o. m., as authority. We hold that appellees are correct in this contention. Willis v. Mays, supra, holds that when a purchaser defaults in payment or performance under facts such as are presented in this case, his right to possession terminates and that he cannot maintain an action for damages for taking the property even though the writ is wrongfully procured, since the vendor has done no more by the writ than his contract gave him the right to do with it. The invalidity of the writ is not the determining point of this lawsuit.

■ Appellant has alleged and there is evidence supporting the allegation in her deposition that five men called at her home and evicted her; that all of her household furniture was moved out of the house over her protestations and severely damaged. Several of the men who evicted her and allegedly damaged her furniture are

·defendants here. Thus a fact situation as to damages has been presented that the court could not have properly dealt with in this summary proceeding. The judgment of the Trial Court is reversed and remanded for trial.

Reversed and remanded.