**Charles M. ELKINS, Appellant,**

**v.**

**A. J. VINCIK, Appellee.**

**No. 11650.**

Court of Civil Appeals of Texas.

Austin.

Jan. 22, 1969.

Charles W. Richards, Austin, for appellant.

James H. Keahey, Austin, for appellee.

PHILLIPS, Chief Justice.

This is a suit for an accounting of a partnership brought by Appellant, Charles M. Elkins, against Appellee, A. J. Vincik. Appellee denied the partnership under oath and further asserted the Statute of Frauds against the alleged oral agreement to pool real property.

The case was tried to the Court without a jury with judgment for Appellee.

We dismiss this case for want of jurisdiction.

Appellant is before us on seven points of error,[1] however inasmuch as we sustain Appellee's first counterpoint, we do not reach Appellant's points.

Appellee's counterpoint No. 1 is that Appellant has waived any contest of this Judgment by acquiescing in and performing it.

We sustain this point.

On March 21, the Court announced the following Judgment from the bench:

"Whereupon, the Court having considered · the pleadings and arguments of counsel and heard the testimony and evidence of witnesses, the Court is of the opinion that no partnership contract existed between Plaintiff and Defendant except an agreement to build the home at 9022 Capitol Drive, Austin, Texas, for J. Michael Beidell and share in the

---

1. "Point No. I: The Judgment is fundamentally erroneous and void in that the Judgment did not conform to the pleadings and the Judgment ought not to stand. Point No. II: The Judgment granted affirmative relief which affirmative relief was not asked for by Defendant, and the Judgment ought not to stand.
Point No. III: The Judgment granted damages to Defendant which were excessive manifestly too large and inequitable and the Judgment ought not to stand. Point No. IV: The verdict is so against the overwhelming weight or preponderance of the evidence that the Judgment ought not to stand.
Point No. V: There is no evidence to substantiate the Judgment rendered and the Judgment ought not to stand.
Point No. VI: There is insufficient evidence to substantiate the Judgment and the Judgment ought not to stand.
Point No. VII: This Honorable Court should grant the Plaintiff a new trial on the grounds of newly discovered evidence."

profits or losses. The Court further finds that the partnership of Plaintiff and Defendant made a profit of $1,519.50 on the Beidell job, against his one-half of which profit Plaintiff had drawn $3,132.-85, leaving Plaintiff with an overdraw of $2,373.10.

The Court further finds that the conveyance from Polk Hornaday, trustee, to Defendant of

The South Half (S½) of Lot Three (3), Lot Four (4), and Lot Five (5) less the South five feet of said Lot Five (5), in and of Block Sixteen (16) of the 4th Addition to the City of San Benito, Cameron County, Texas

dated July 12, 1967 was not intended by the parties to be a fee deed, but was a mortgage to secure Defendant for his advancement to Plaintiff of Plaintiff's draws on the Beidell job. It is therefore;

Ordered, Adjudged and Decreed that Plaintiff take nothing against Defendant by this suit."

Between the time that the Court announced its Judgment from the bench on March 21, 1968 and the entry of the Judgment on April 18, 1968, Plaintiff's trial attorney and Defendant's attorney proceeded to negotiate the performance of the Judgment. These negotiations culminated in the execution of a deed by Defendant to the following described real property in San Benito, Cameron County, Texas:

The South Half (S½) of Lot Three (3), Lot Four (4), and Lot Five (5) less the South five feet of said Lot Five (5), in and of Block Sixteen (16) of the 4th Addition to the City of San Benito, Cameron County, Texas

to Polk Hornaday, Trustee, for the consideration of $3,000.00. This transaction was completely performed by the time the formal written Judgment was entered by the Court on April 18, 1968, and such Judgment recites:

"The parties having made known to the Court that they have compromised and settled Plaintiff's indebtedness to Defendant for Plaintiff's overdraw and for the note payments that Defendant has made on the above described real property since July, 1967 by Plaintiff paying to Defendant $3,000.00 in cash and by Defendant reconveying to Polk Hornaday, trustee, the said real property; therefore, the Court finds that Plaintiff's indebtedness to Defendant has been paid and that Defendant has discharged his duty to Plaintiff to re-convey the real property in San Benito, Texas.

All Costs shall be assessed against Plaintiff.

Signed, rendered and entered this 18th day of April, 1968.

S/ James R. Myers

Judge, 126th District Court

Approved as to form:

Attorney for Plaintiff

Attorney for Defendant
44–16–68"

After the Court entered its Judgment from the bench at the conclusion of the trial on March 21, 1968, the parties proceeded to negotiate its performance. By April 18, 1968, when the Judgment was entered, this performance had been accomplished as the Judgment itself recites. In reliance on Appellant's acquiescence in the Judgment, Appellee reconveyed the lots in San Benito, Texas to Appellant's designated trustee, Polk Hornaday.

Appellee has changed his position in reliance upon Appellant's acquiescence in the Judgment; he has reconveyed the property and perhaps lost his lien. Appellant's attorney negotiated this settlement and signed the Judgment approving its form, including the specific recitation of the settlement.

A Judgment that has been performed and satisfied is functus officio. 34 Tex.Jur.2d 750, Judgments, Sections 644

and 646. This Court observed in Perez v. George, 367 S.W.2d 940 (Tex.Civ.App. Austin 1963, writ ref. n. r. e.), "If the judgment had been satisfied and extinguished, there was no basis for appellees' writ for possession and the writ was invalid." Similarly, the Judgment here has been satisfied and extinguished, and there is no basis for Appellant's appeal. In 3 Tex.Jur.2d 479, Appeal and Error—Civil, Sections 214 and 215, the rule is stated as follows:

"When a judgment debtor voluntarily pays and satisfies a judgment rendered against him, he waives his right to appeal, and an appeal taken by him will be dismissed. * * *

A party who voluntarily accepts or secures the benefit of a judgment or decree thereby waives all right to prosecute an appeal. In other words, a party may not treat a judgment as both right and wrong, and avail himself of the advantages of such a position."

The judgment of the trial court is dismissed for want of jurisdiction.

Dismissed for Want of Jurisdiction.