MAGIC VALLEY MOTORS,
INC., Appellant,

v.

Steven W. STARK, Appellee.

No. 1607.

Court of Civil Appeals of Texas,
Corpus Christi.

Sept. 11, 1980.

William L. Hubbard, Bonner & Bonner,
Harlingen, for appellant.

Jeffrey D. Roerig, Brownsville, for appel-
lee.

OPINION

NYE, Chief Justice.

This is an appeal by defendant, Magic
Valley Motors, Inc., from an amended judg-
ment granting plaintiff, Steven W. Stark,
an award for additional attorney fees in-
curred subsequent to the verdict of the
jury. The original case was tried before a
jury with the issue of attorney fees to be
decided by the court. The court entered a
judgment on June 22, 1979, in the amount
of $1,560.00, representing actual damages
trebled ($1,260.00), plus $300.00 in attorney
fees. Later, the court granted plaintiff's
motion to reopen evidence on the issue of
post–trial attorney fees. After this hear-
ing, a new judgment was rendered by the
trial court which increased plaintiff's recov-
ery by awarding $1,440.00 for attorney fees,
plus actual damages of $1,260.00.

The record shows that the defendant's
attorney mailed to the plaintiff's attorney a
cashier's check in the amount of $1,560.00
after the entry of the judgment on June 22,
1979. The check was not cashed and was
returned to defendant's attorney at the be-
ginning of the hearing to reopen evidence
on July 13, 1979. On appeal, the defendant
contends that the judgment was satisfied
by the mailing of the cashier's check and
that the tender was accepted and the debt
was satisfied as a matter of law prior to the

hearing to reopen the evidence. We disagree.

If a judgment has not been extinguished by payment, the trial court has plenary power over it for 30 days after rendition of such judgment. Rule 329b(5). During this period of time, the trial court may, on its own motion, or on motion of any party, vacate, modify, correct, or reform such judgment. *Transamerican Leasing Co. v. Three Bears, Inc.,* 567 S.W.2d 799 (Tex.Sup.1978); *Quintanilla v. Seagraves Ford, Inc.,* 522 S.W.2d 274 (Tex.Civ.App.–Corpus Christi 1975, no writ); *Dubert v. Adkins,* 475 S.W.2d 383 (Tex.Civ.App.–Corpus Christi 1971, no writ).

The defendant contends that plaintiff's attorney kept the cashier's check for 18 days and, by doing this, had accepted the benefits thereby satisfying the judgment, citing *Elkins v. Vincik,* 437 S.W.2d 49 (Tex. Civ.App.–Austin 1969, no writ); and *Perez v. George,* 367 S.W.2d 940 (Tex.Civ.App.–Austin 1963, writ ref'd n. r. e.). These cases are distinguishable on the facts. The trial court filed findings of fact that support its judgment. Among them, the court found that plaintiff's attorney returned the check within a reasonable time after receipt of the check and that the plaintiff did not accept the check. The evidence showed that defendant's attorney was on vacation a substantial portion of the time the check was in his possession. This and other evidence in the record support the trial court's findings. Since the judgment had not been extinguished by payment, the trial court was at liberty to reform its judgment. Defendant's first four points of error are overruled.

Appellant, in points of error five and six, contends that the trial court erred in granting plaintiff a judgment for post–trial attorney fees because no evidence was offered at the time of trial and that by allowing additional evidence to be admitted, such was an abuse of discretion by the trial judge. It is well established that a motion to reopen evidence is within the sound discretion of the trial judge and will not be disturbed on appeal unless an abuse of this discretion is shown. *Forrest v. Hanson,* 424 S.W.2d 899 (Tex.Sup.1968); *Red Top Taxi Co. v. Snow,* 452 S.W.2d 772 (Tex.Civ.App.–Corpus Christi 1970, no writ); *In the Matter of the Marriage of Murphy,* 561 S.W.2d 592 (Tex.Civ.App.–Amarillo 1978, no writ). We find that no abuse of discretion is shown in the record.

Appellant's point of error seven assumes that the plaintiff accepted the benefits of the judgment. This is contrary to the trial court's findings and the evidence that supports them. Having overruled points of error one through four and finding no such acceptance, this point is also without merit.

Appellant's points of error eight and nine assert in the alternative that there is either insufficient or no evidence to support the trial court's finding that plaintiff refused to receive or accept the check tendered in payment of the principal amount of the trial court's judgment of June 22, 1979. In deciding the no–evidence point and an insufficient–evidence point, we are guided by the law as set out in *In Re King's Estate,* 244 S.W.2d 660 (Tex.Sup.1951), and *Garza v. Alviar,* 395 S.W.2d 821 (Tex.Sup.1965). After carefully reviewing the record in the light of these cases, we conclude that the evidence fully supports the trial court's findings.

The judgment of the trial court is AFFIRMED.