cv4-524.assadi 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00524-CV







Austin Auto Brokers and Mohammad Assadi, Appellants




v.




Ed Vera, Inc. d/b/a Vera Motors, Appellee









FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 94-04952, HONORABLE JON N. WISSER, JUDGE PRESIDING








PER CURIAM


 Austin Auto Brokers and Mohammad Assadi, its chief executive officer and
president, appeal a default judgment rendered against them and favoring Ed Vera, Inc. d/b/a Vera
Motors. We will modify the judgment and affirm the judgment as modified.



BACKGROUND


 Vera bought a vehicle from Austin Auto, obtaining an Arkansas certificate of
replacement title for the vehicle. Vera sold the vehicle to another dealer. The vehicle was then
sold from dealer to dealer several times.

 A buyer attempting to obtain a Texas title for the vehicle discovered that the vehicle
had been wrecked, salvaged, and reconditioned. Because none of the sellers knew this history,
they had not disclosed it to their buyers. Each seller in the chain of sale repurchased the vehicle
from its buyer all the way back to Vera. Vera repurchased the car for $14,055.43, which
included the seller's $300 in transportation costs from Houston to San Antonio. Vera paid an
additional $30 for transport to Austin, $125 draft fee, and twelve percent interest on the total
outstanding balance of the draft.

 Vera sued, complaining that the appellants failed to disclose the vehicle's past
damage. Vera alleged that they expressly and wrongfully warranted that they had marketable title. 
Vera said that it told the appellants that it intended to resell the vehicle for profit, making the
representations of the car's history material to the car's marketability. Vera sued for actual and
additional damages resulting from breach of express warranties, deceptive trade practices,
negligent misrepresentation, gross negligence, and breach of contract. Vera also sought attorney's
fees, interest, and costs.

 The court granted a default judgment on June 6, 1994 after the appellants failed to
answer. Ed Vera testified regarding the company's damages and attorney's fees. The court
awarded $15,038.46 in actual damages, $32,067.92 in penalty damages, $3,750 in attorney's fees
(with an additional $5,000 for each level of appeal).

 The appellants moved for a new trial on June 24, 1994. They admitted receiving
notice of the suit. Assadi stated in his affidavit that, because their attorney had been negotiating
settlement with Vera, he believed that Vera would also serve the appellants' attorney and that their
attorney would file an answer. Only after receiving notice of the default judgment did the
appellants contact their attorney and discover that he did not know of the suit. The appellants
contended that they had a meritorious defense in that they did not intentionally mislead Vera or
misrepresent the product. They claimed that they believed that they had clear title to the vehicle
when they bought it. They claimed to have offered to repurchase the vehicle from Vera, but
refused to pay the higher price demanded. They claimed that granting the motion for new trial
would not prejudice, delay, or injure Vera because they were ready to try the case. The court
denied the motion for new trial.

 The parties then tried to settle the case. The appellants' attorney faxed a letter to
Vera's attorney stating:



Mr. Assadi would like to cut his losses in continuing to pursue this matter, so on
his behalf we offer the following Rule 11 Agreement:


If Mr. Assaadi (sic) delivers or causes to be delivered to Mr. Vera's office a
cashiers, certified or official bank check, in the amount of $23,968.60 payable to
Ed Vera, Inc. and [Vera's attorney] by 5:00 p.m. today or any time accepted by
you, then you, on your behalf, and on Mr. Vera's behalf and that of Ed Vera, Inc.,
d/b/a Vera Motors, agree to execute a full and complete satisfaction of judgment,
for the judgments against Mr. Assadi and Austin Auto Brokers; notwithstanding
that the judgments are still disputed by Mr. Assadi and Austin Auto Brokers both
as to liability and amounts.



(emphasis added). Vera's attorney indicated his client's agreement by signing the letter. That
day, Austin Auto sent and Vera acknowledged receipt of a check for the specified amount. Vera
sent to the appellants' attorney a document stating that the judgment against the appellants had
been fully and completely satisfied. Vera instructed the appellants' attorney to sign and file the
document with the court "[i]f this conforms to our settlement." The appellants never filed that
document, nor did they file the second copy Vera sent. 



DISCUSSION


Motion to Dismiss

 Vera moves to dismiss the appeal, arguing that the $23,968.60 check satisfied the
judgment. The appellants oppose dismissal, contending that their offer letter indicated that the
dispute continued despite the payment.

 The facts of this case do not fit neatly within the precedent for automatic dismissal. 
The supreme court recently reiterated that, in order to have an enforceable agreement under Rule
11, the parties must file with the trial court the documents proving the agreement. Tex. R. Civ.
P. 11; Padilla v. LaFrance, 38 Tex. Sup. Ct. J. 663, 668 (May 25, 1995). Though the writing
need not be a single document and need not be filed before one party withdraws its consent, the
writings collectively must show that the parties entered a binding agreement. Padilla, 38 Tex.
Sup. Ct. J. at 668 (letter stating that the matter "has been settled" pursuant to specific terms shows
agreement even though checks had not been issued). In the case on which Vera relies heavily,
the parties performed all aspects of the settlement before judgment and had their compromise
included in the text of the judgment. See Elkins v. Vincik, 437 S.W.2d 49, 51 (Tex. App.--Austin
1969, no writ). This Court accordingly dismissed when a party nevertheless attempted to appeal. 
Id. at 52. Vera cites no cases in which partial payment of the judgment amount triggered the
automatic extinction of the appeal. The cases instead speak of full payment. See, e.g., Highland
Church of Christ v. Powell, 640 S.W.2d 235, 236 (Tex. 1982). 

 In this case, the settlement offer and payment were not included in the judgment
because they occurred more than three months after judgment, almost three weeks after appeal
was perfected, and several days after the motion for new trial was overruled as a matter of law;
the record reflects no attempt to amend the judgment to include the settlement. The trial court
record on appeal lacks documentation that Vera agreed to accept its duty under the appellants'
offer and execute a satisfaction of judgment. (1) Further, the appellants' payment was only slightly
more than half of the judgment amount rather than the full amount. 

 Because the appellants did not pay the full judgment amount and the record does
not show full performance of the settlement agreement, we hold that the payment did not fully
satisfy the judgment. We therefore cannot dismiss the case. We overrule the motion to dismiss.



Merits of the Appeal

 The appellants raise two points on appeal. They contend that the trial court erred
in granting judgment for the amounts and for the measures of damages recited in the judgment
because the judgment was for relief not requested in the pleadings. They also contend that the
court erred in granting the judgment because it was for amounts to which Vera was not entitled
under the causes of action pleaded. We review for abuse of discretion when a trial court denies
a motion for new trial raised against a default judgment. Strackbein v. Prewitt, 671 S.W.2d 37,
38 (Tex. 1984); Craddock v. Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126 (Tex. 1939). The
trial court may set aside a default judgment and order a new trial in any case when the defendant's
failure to answer before judgment was not intentional, or the result of conscious indifference, but
was due to a mistake or accident. Strackbein, 671 S.W.2d at 38 (quoting Craddock, 133 S.W.2d
at 126). The motion must set up a meritorious defense and must be filed when granting of the
motion will occasion no delay or otherwise injure the plaintiff. Strackbein, 671 S.W.2d at 38
(quoting Craddock, 133 S.W.2d at 126).

 The appellants' points of error are problematic. They attack the judgment rather
than the refusal to grant the motion for new trial. They do not explicitly raise the three Craddock
issues. Finally, the issues raised do not match well with the issues raised in the motion for new
trial. We cannot review issues not raised before the trial court. Tex. R. App. P. 52(a). Reading
both the brief and the motion for new trial broadly, the only common thread resembling a
meritorious defense is the assertion that the amount of Vera's recovery exceeded that pleaded and
proved. 

 Vera pleaded knowing violations of the Deceptive Trade Practice--Consumer
Protection Act. Tex. Bus. & Com. Code Ann. § 17.46 (West 1987) ("DTPA"). The DTPA
allows recovery of actual damages and twice the amount of actual damages that do not exceed
$1,000. DTPA § 17.50(b) (West Supp. 1995). For knowing violations, the DTPA allows
recovery of not more than three times the amount of actual damages that exceed $1,000 as
punitive damages. DTPA § 17.50(b) (West Supp. 1995). The court found knowing violations
of the DTPA and awarded $15,038.46 in actual damages, $2,000 in additional damages, and
punitive damages of $30,067.92 for the knowing violations.

 The actual damages are supported by the pleadings and the proof. Vera concedes
that the judgment contains correctable calculation errors in the punitive damages. Vera asserts
that the court neglected to subtract $1,000 from the actual damages before computing the punitive
damages. The damages should have totalled $28,076.92. The sum of the additional damages then
is $30,076.92 rather than $32,067.92. Vera requests that we modify the judgment to reflect this
calculation. Because reduced damages are in accord with the appellants' request for whatever
additional relief may be appropriate, we will grant Vera's request. The damage award, as
modified, is supported by Vera's testimony and is within statutory guidelines. 

 We reject the appellants' assertion that the attorney's fee award must be modified
because it is based on the amount of recovery. The attorneys' fee award, in accord with the
statute, was based on testimony regarding hours spent, rather than a percentage of the recovery. 
DTPA § 17.50(d) (West 1987).

 To the extent that Vera's concession of error coincides with the appellants' points
of error, we sustain the points of error. We overrule the points of error in all remaining aspects.



Appellate Attorney's Fee Award

 Vera contends that the settlement actions rendered this appeal frivolous and requests
compensation for "additional and uncontemplated legal expense." It requests $1,195. The
judgment of the trial court provides for $5,000 in attorney's fees on appeal. We will not award
additional fees.



CONCLUSION


 We modify the damage award by reducing the amount of punitive damages from
$30,067.92 to $28,076.92. This modification reduces the total award of "additional damages"
from $32,067.92 to $30,076.92. We affirm the judgment of the trial court as modified.


Before Justices Powers, Kidd and B. A. Smith

Modified and, as Modified, Affirmed

Filed: August 16, 1995

Do Not Publish

1.   The documents attached to the motion to dismiss indicate that Vera sent these
documents to the appellants who failed to file them. These documents are not part of the
trial court record on appeal.