**D. H. BRADFORD, Appellant,**

**v.**

**W. C. BARNETT, Jr., Appellee.**

No. 6538.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 5, 1955.

Rehearing Denied Dec. 31, 1955.

Crenshaw, Dupree & Milam, Lubbock (J. Orville Smith, Lubbock, of counsel), for appellant.

Campbell & Brock, Lubbock, for appellee.

NORTHCUTT, Justice.

On August 17, 1954, plaintiff, W. C. Barnett, Jr., sued defendants Pioneer Western Mutual Insurance Company and D. H. Bradford, individually and d/b/a Bradford Insurance Service, alleging that on February 1, 1954 the insurance company through its authorized representative, D. H. Bradford, issued to the plaintiff its combination automobile policy No. AC–8077 for the consideration of the payment by the plaintiff to said company of the sum of $168 which sum the plaintiff paid. Then plaintiff pleads that on June 17, 1954, he was the owner of one 1953 Chrysler–Windsor automobile of the reasonable cash market value in Lubbock County, Texas in the sum of

$2,035. That on June 17, 1954, the automobile was taken from its place of storage without the knowledge or consent of plaintiff and driven about the City of Lubbock and that, in the course of such driving, said automobile was in a collision with a Santa Fe train and, as a result of said collision, it became worthless except for salvage and that immediately after said collision, its reasonable market value was worth, for salvage, $312.25. Then pleaded by reason of said collision and the taking of said automobile, plaintiff was damaged $1,722.75 and that said loss was fully covered under the insurance policy and that Pioneer-Western Mutual Insurance Company was liable to the plaintiff under and by virtue of the terms of said policy for the sum of $1,722.-75. Plaintiff further pleading in the alternative that if he was not entitled to recover under and by virtue of the policy he is entitled to recover from this appellant because plaintiff made a full disclosure of his business operations and the manner in which he conducted his business to the appellant and if appellant did not write him the proper kind of insurance to protect him then he should have judgment against appellant for his damages.

Service of process was had upon appellant but he did not answer and, on September 13, 1954, appellee secured an interlocutory default judgment against appellant but said judgment shows to have been entered on September 15, 1954. On September 22, 1954, default judgment was entered in favor of the plaintiff, appellee herein, as against Pioneer Western Mutual Insurance Company for the sum of $1,722.75 and, in this judgment, the interlocutory judgment against this appellant was set aside and held for naught because he was not primarily liable upon the policy sued upon. On October 16, 1954, Pioneer Western Mutual Insurance Company filed its motion in said cause to set aside the default judgment against it because the citation was served upon it on August 31, 1954 and it had until September 27, 1954 to file its answer. On October 22, 1954, the day that the judgment that was entered on September 22, 1954 became a final judgment, appellee filed his reply to the insurance company's motion to set aside the default judgment and contested the same but pleaded that in the event said judgment should be set aside that it be set aside in its entirety and that the interlocutory judgment against appellant be continued in full force and effect. On November 6, 1954, an order setting aside the judgment dated September 22, 1954, was filed in the cause but states that the order was actually signed and entered on November 8, 1954. In this last mentioned order dated November 8, 1954, the court set aside the judgment against Pioneer Western Mutual Insurance Company dated September 22, 1954 and ordered the interlocutory default judgment dated September 13, 1954 as against D. H. Bradford continued in full force and effect as from the day of its rendition. The order signed November 8, 1954 also contained the following statement:

"It further appearing to the Court that this Court signed an instrument entitled 'Judgment' on October 26, 1954, by mistake in that said instrument had never been presented to the Attorney for plaintiff, said 'Judgment' is hereby corrected as provided in this order, and this order is hereby substituted in lieu of said 'Judgment'."

On November 16, 1954, the appellant filed his motion to set aside the interlocutory default judgment rendered against him on November 8, 1954 pleading that at the request of plaintiff, appellee herein, there was filed in this cause an order and judgment of the court which in part read as follows:

"It further appears to this Court that on the 13th day of September, 1954, in this cause an Interlocutory Default Judgment was rendered against D. H. Bradford, d/b/a Bradford Insurance Service. However, it appears to the Court said D. H. Bradford was Agent of the Pioneer Western Mutual Insurance Company, the co-defendant, in this cause and was not primarily liable on the policy sued upon and is therefore held not liable because of the liability of his principal.

"It Is Therefore Ordered, Adjudged and Decreed by the Court that said default judgment against D. H. Bradford is in all things set aside and held for naught."

Then pleaded that the judgment dated September 22, 1954 became a final judgment on October 22, 1954 since no exception had been taken thereto and no appeal had been taken therefrom. On February 26, 1955, an order was granted overruling appellant's motion to set aside the interlocutory default judgment entered against him and this order is shown to have been filed with the clerk on February 20, 1954. On March 18, 1955, appellee filed his motion to dismiss the case as against Pioneer Western Mutual Insurance Company without prejudice and to make final the interlocutory default judgment heretofore entered on September 13, 1954, against appellant. On March 18, 1955, the trial court entered its judgment dismissing the case without prejudice as against Pioneer Western Mutual Insurance Company and made final the default interlocutory judgment entered against appellant on September 13, 1954. From this last judgment appellant has perfected this appeal.

We do not have before us the evidence introduced at the time the interlocutory default judgment was first entered as against the appellant but from the pleadings it would be clear that if the Pioneer Western Mutual Insurance Company was liable upon its policy then this appellee secured the kind of policy requested and, under no theory, would appellant be liable for appellee's damage. Neither do we have before us the evidence introduced at the time the default judgment was entered on September 22, 1954 in favor of appellee against Pioneer Western Mutual Insurance Company where it was found that appellant was not liable and the court set aside and held for naught the interlocutory judgment theretofore rendered against appellant. The insurance company made a motion to set aside the default judgment rendered against it and appellee contested said motion but requested that, in case the same was set aside, that it be set aside in its entirety and that the interlocutory judgment theretofore entered as against appellant be reinstated. No notice of any kind was given to appellant of either motion. The judgment dated September 22, 1954 discharging appellant of all liability did away with the interlocutory judgment rendered against him. Although the insurance company made its motion on October 16, 1954 to set aside said judgment, the court's action thereon was not entered until after the thirty days when the same would have become a final judgment as judgments of courts having successive terms become final thirty days after rendition just as if the term expired. Williams v. Pitts, 151 Tex. 408, 251 S.W.2d 148. However, in the order setting aside the judgment dated September 22, 1954 which is shown to have been filed with the clerk on November 6, 1954 and shown to have been signed by the judgment on November 8, 1944, it is stated:

"It further appearing to the Court that this Court signed an instrument entitled 'Judgment' on October 26, 1954, by mistake in that said instrument had never been presented to the Attorney for plaintiff, said 'Judgment' is hereby corrected as provided in this order, and this order is hereby substituted in lieu of said 'Judgment'."

"This order was actually signed and entered, this 8th day of November, 1954, and truly reflects the order pronounced from the bench on October 22, 1954."

This, we think, clearly shows that this order, dated November 8, 1954, is, as to this appellant, which it reinstates, the original default interlocutory judgment, a judgment nunc pro tunc and was entered without giving appellant any notice thereof as required by Rule 316. We do not have before us the judgment the court stated it signed on October 26, 1954 but since the judgment dated September 22, 1954 would have been final when the judgment of October 26, 1954 was entered, it would have been of no force and effect and the substitute judgment dated November 8, 1954 would be of no more effect.

It is clearly shown in this record that appellant's failure to answer before the interlocutory judgment was entered was not intentional nor the result of conscious indifference but was due to a mistake. Under the pleadings in this case the interlocutory default judgment should never have been entered as against this appellant in the first place, because, according to the pleadings, the appellant could not have been liable for any damage to the appellee as the insurance company was liable upon the policy that was issued. Since the judgment entered on September 22, 1954 was set aside, the appellant should have been permitted to have filed an answer and contested the suit and the entire matter should have been tried together and it cannot be successfully contended that appellant did not set up a meritorious defense to such suit and neither would the granting of appellant's request have caused any delay in this matter.

The case of Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, at page 126, we think, lays down the rule as applied to this case where it is stated:

> "Trial judges desire and are entitled to have a principle or rule to guide them, and we therefore, reannounce, in slightly changed language the rule established by the above authorities, as follows: A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. This is a just rule. It prevents an injustice to the defendant without working an injustice on the plaintiff. Such a rule has the sanction of equity."

Appellant's points of error are sustained. Judgment of the trial court is reversed and remanded.