Frances W. STONEDALE, Appellant,

v.

Robert M. STONEDALE, Appellee.

No. 209.

Court of Civil Appeals of Texas.

Corpus Christi.

March 31, 1966.

Willis & Willis, by George P. Willis, El Campo, for appellant.

Cattanach, Capps, Turner, Coe, Reardon & Chaney, by T. M. Reardon, Houston, for appellee.

SHARPE, Justice.

Appellee's motion to dismiss the appeal for want of jurisdiction in this court is granted.

The attempted appeal is from a judgment rendered, signed and filed on September 20, 1965, which set aside a prior judgment rendered, signed and filed in the same court 87 days prior thereto on June 25, 1965. The record herein consists of only the transcript, filed in this court on November 19, 1965, which reflects the following: The parties were divorced by decree of the district court of Harris County, Texas, on or about February 7, 1956. Subsequent proceedings in Harris and Wharton Counties have involved custody and visitation rights of three minor children. On April 5, 1965, appellee, the father of the children, filed an instrument in the trial court designated "Petition to modify decree adjudicating visitation rights of plaintiff herein with the minor child of the parties * * *". The prayer of the petition, among other things, requested that the former decree concerning custody of the minor child be set aside and that the trial court enter a new decree as to such custody. On April 13, 1965, the defendant in the trial court, appellant here, filed an answer contesting the petition and praying for other relief, and also filed a cross-action seeking judgment against plaintiff, appellee here, on a promissory note in the amount of $4,500.00. The first judgment of the trial court recites that the matter was heard on April 23, 1965, with all parties and their attorneys present, and that it was "Rendered and signed this 25th day of June, 1965." Appellee's (plaintiff's) petition and the relief sought therein was granted, at least in part. The judgment of June 25, 1965, does not contain any notice of appeal. Appellant filed an appeal bond dated July 28, 1965, 33 days after June 25, 1965, and which was not approved and filed by the clerk until August 2, 1965, 38 days thereafter.

On August 23, 1965, some 59 days after the judgment of June 25, 1965, appellant filed in the trial court a motion alleging, in substance, that in open court on June 25, 1965, at the conclusion of the hearing and at the time of entry of judgment, her attorney gave notice of appeal and requested that it be noted in the judgment entered on that

date; that thereafter the appellant filed an appeal bond and requested the clerk to prepare a transcript; that the attorney for appellant did not learn that said notice of appeal had not been entered in said decree until receipt of the transcript from the district clerk. The prayer of the motion reads as follows:

"WHEREFORE this Defendant prays that the Judgment and Decree of June 25, 1965, be set aside and, in lieu thereof, that the Judgment attached to this Motion be entered. The sole and only purpose of the entry of this Amended Judgment is to reflect the fact that this Defendant did give notice of appeal in Open Court on June 25, 1965, and the omission of such notice from the Judgment entered on that date was only because of an error and mistake."

On September 20, 1965, the trial court entered a second judgment which contained the same wording as that of June 25, 1965, except in three particulars. The first difference is that the second order begins with and adds the sentence "The Judgment and Decree of June 25, 1965, is hereby set aside and the following substituted in lieu thereof." The second difference is that the following sentence is added as the penultimate paragraph: "To which the Defendant in open Court excepted and gave notice of appeal to the Court of Civil Appeals, Corpus Christi, Texas." The third difference is that the final paragraph is changed to read: "Rendered and signed this the 20 day of Sept. 1965." The second order was approved as to form by counsel for both parties "with exception to notice of appeal by defendant." On November 13, 1965, the trial court made and filed findings of fact and conclusions of law. The transcript, filed in this court on November 19, 1965, contains a certificate by the district clerk that it was delivered to appellant's counsel on November 16, 1965.

One ground of appellee's motion to dismiss is that the judgment rendered, signed and filed on September 20, 1965, is a nullity under Rule 329b, par. 5, Texas Rules of Civil Procedure, which provides that judgment shall become final thirty days after the date of rendition of judgment or order overruling original or amended motion for new trial, and cannot thereafter be set aside by the trial court except by bill of review for sufficient cause filed within the time allowed by law; that the only purpose served by the entry of the second judgment was to attempt to restart the appellate time table which had theretofore expired.

Appellant has contested appellee's motion to dismiss on the grounds that the trial court was authorized to enter the second judgment as a proper nunc pro tunc judgment and under Rule 316, T.R.C.P., in the exact form and words of the first judgment except to include a notice of appeal therein where it was convinced that notice of appeal was given and erroneously omitted from the first judgment.

We agree with appellee.

The second judgment of September 20, 1965, does not qualify as a properly rendered judgment nunc pro tunc or under the provisions of Rules 316 or 306a, T.R.C.P. The inherent right of a court to render judgment nunc pro tunc and also under Rules 316, 317, T.R.C.P., in order to correct clerical errors and mistakes in the record concerning the judgment actually pronounced and to make the record conform to the truth is undoubted. Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040 (1912); Truelove v. Truelove, 266 S.W.2d 491 (Tex. Civ.App., 1953, wr. ref.); Knox v. Long, 152 Tex. 291, 257 S.W.2d 289 (1953); 33 Tex.Jur.2d, Judgments, § 28, p. 516. Where the mistakes in the record are corrected and a judgment nunc pro tunc is properly rendered, the time for appeal runs from the date the trial judge signs such nunc pro tunc order. Rule 306b, T.R.C.P. However, in this case, the appellant did not request the trial court to enter a nunc pro tunc judgment; nor did it render one. Instead, appellant asked the trial court to set aside the first judgment, which was

rendered, signed and filed more than thirty days prior to appellant's motion, and to enter a new and second judgment. The second judgment was not rendered "now for then," but was "Rendered and signed this the 20 day of September, 1965." The record does not show that the trial court held a hearing of any kind in connection with appellant's motion of August 23, 1965. There is no finding that appellant gave a notice of appeal in open court on June 25, 1965; nor that there was a mistake in the record of the judgment and that it should be corrected. Appellant does not contend or show that a docket or minute entry was made at the time such notice of appeal was alleged to have been given, or that such docket entry should or could have been made thereafter to reflect such fact. There is no showing that the judgment pronounced by the trial court on June 25, 1965 included the giving of a notice of appeal by appellant or that appellant was misled by the court or counsel in not including such notice in the written judgment signed and entered by the court. In short, the second judgment fails to disclose the ground upon which the trial court acted or what the entry thereof intended to correct. See Ellison v. Panhandle & Santa Fe Railway Company, 306 S.W.2d 909 (Tex.Civ.App., 1957, n. w. h.). In the case of Huggins v. Johnston, 3 S.W. 2d 937, 940 (Tex.Civ.App., 1931, affirmed 120 Tex. 21, 35 S.W.2d 688), the court said: "The only purpose of a nunc pro tunc entry is to correctly evidence upon the records of the court a judgment, decree or order actually made by the court, but for some reason not entered of record at the proper time." In the case of Finnigan-Brown Co. v. Escobar, 192 S.W. 256 (Tex.Civ.App., 1917, n. w. h.), the court said: "A judgment nunc pro tunc should not be entered unless some proper and sufficient evidence be adduced to show that the court had in fact pronounced or rendered the judgment which it is the purpose of the nunc pro tunc entry to correctly evidence." See also Caliva v. Texas Construction Material Co., 380 S.W. 2d 641 (Tex.Civ.App., 1964, n. w. h.).

■ In the absence of a timely filed motion for new trial, the judgment rendered, signed and filed on June 25, 1965, became final after the expiration of thirty days from its date. Rule 329b, par. 5, T.R.C.P.; Williams v. Pitts, 151 Tex. 408, 251 S.W.2d 148 (1952); Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823 (1961); Bradford v. Barnett, 285 S.W.2d 252 (Tex.Civ.App., 1955, wr. ref. n. r. e.). On August 23, 1965, when appellant filed a motion to set aside the first judgment, the trial court had lost jurisdiction to set aside or change the judgment actually rendered on June 25, 1965.

The instant appeal is not taken from the judgment of June 25, 1965. In any event, an appeal from that judgment was not perfected by appellant because an appeal bond was not timely filed as provided by Rule 356, T.R.C.P., nor was the record timely filed in this court as provided by Rule 386, T.R.C.P.; therefore, we would not have jurisdiction. The notice of appeal contained in the judgment of September 20, 1965, can be applicable only to that order, which we hold to be a nullity. In view of such holding, it is not necessary for us to decide any questions raised by the motion to dismiss on the basis that the order of September 20, 1965, had been properly entered as a nunc pro tunc judgment. Ambassador Oil Corporation v. Robertson, 384 S.W.2d 752 (Tex.Civ.App., 1964, wr. ref. n. r. e., with written opinion in Robertson v. Blackwell Zinc Co., Tex., 390 S.W.2d 472).

For the reasons stated, appellee's motion to dismiss must be sustained and the appeal dismissed.