427 S.W.2d 958 (1968)
FIRST STATE BANK AND TRUST COMPANY OF PORT LAVACA, Texas, Appellant,
v.
The VECTOR CORPORATION, Miltex Oil and Gas Corporation, Charles H. Stevenson, Jr., and Charles H. Stevenson, Jr., Trustee, Appellees.
No. 4730.
Court of Civil Appeals of Texas, Waco.
May 2, 1968.
Rehearing Denied May 23, 1968.
*959 Sorrell, Anderson & Porter, Corpus Christi, for appellant.
Kleberg, Mobley, Lockett & Weil, Lev Hunt, Corpus Christi, Rochelle & Gandy, Dallas, Butler, Schraub & Gandy, Corpus Christi, for appellees.

OPINION
WILSON, Justice.
After the judgment had become final in the trial court in appellant's action against appellees, and the time for perfecting appeal by appellant had expired, it filed in the trial court a motion in that cause to strike a stipulation previously executed and filed by the parties. The purport of the stipulation was that if plaintiffs recovered a judgment no execution would issue against the defendants (appellees here), but plaintiff's exclusive remedy for enforcing the judgment would be against debentures or stock of defendant corporations owned by a named resident of New York. The judgment against appellees was rendered several months after the stipulation was filed. No motion for new trial was filed by appellant. No attempt was made by appellant here to perfect appeal from that judgment.
The motion to strike the stipulation alleged that unsuccessful attempts by appellant to obtain delivery of the stock certificates and debentures ensued. Refusal to make this delivery was alleged as the ground for asking the trial court to strike the stipulation. Appellees challenged the jurisdiction of the court to act on the motion on the ground the judgment had become final in the trial court. The trial court sustained their plea to the jurisdiction, refusing to grant the motion. Appellant has appealed from that order.
In the interim appellees (in the present appeal) had perfected their appeal to the Court of Civil Appeals from the judgment in the main case. The Corpus Christi Court of Civil Appeals, from which the cause was transferred to this court, consolidated the present appeal (from the order sustaining the plea to the jurisdiction) with the appeal from judgment on the merits. The consolidated cause is now pending here. The motion to strike the stipulation was filed in the trial court on the thirtieth day after the judgment on the merits was rendered.
We recognize that the trial court had plenary power, until the expiration of 30 days after the date of judgment in the case on its merits, or after a motion for new trial was overruled, to vacate, modify or reform the judgment, to correct clerical errors in the judgment or to grant a new trial: Ammex Warehouse Company v. Archer (Tex.Sup.1964), 381 S.W.2d 478, 482; regardless of the fact an appeal had been perfected. Williams v. Pitts (1952), 151 Tex. 408, 251 S.W.2d 148, 149; Panhandle Construction Co. v. Lindsey, 123 Tex. 613, 72 S.W.2d 1068; Harang v. *960 Aetna Life Insurance Company, Tex.Civ. App., 400 S.W.2d 810, writ ref. n. r. e.; Bergman v. West, Tex.Civ.App., 262 S.W. 2d 435. See Rule 329b, Texas Rules of Civil Procedure.
This power, however, does not extend to the rendition of interlocutory orders pertaining to ancillary or collateral matters such as the stipulation filed during the progress of the cause. Power to act on appellant's motion had terminated. Our jurisdiction extends no further than that of the trial court. Pearson v. State, 159 Tex. 66, 315 S.W.2d 935.
Appellant has filed also in this court an original motion asking this court to strike the same stipulation. We have no jurisdiction of the motion filed here to strike the stipulation. Ennis Mercantile Co. v. Wathen, 93 Tex. 622, 57 S.W. 946; Erback v. Donald, Tex.Civ.App., 170 S.W. 2d 289, 294, writ ref. w. m.
The appeal of First State Bank & Trust Company of Port Lavaca, Texas (now docketed as Cause No. 4730) is severed from that of The Vector Corporation, Miltex Oil & Gas Corp., and Charles H. Stevenson, individually and as trustee, and the latter cause is ordered docketed separately as Cause No. 4703. The present appeal of the Bank in Cause No. 4730 is dismissed.