Dorothy DUBERT, Appellant,

v.

Donald ADKINS, Appellee.

No. 639.

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 9, 1971.

Rankin, Kern & Martinez, H. Hollis Rankin, III, McAllen, for appellant.

Cox & Patterson, J. W. Patterson, Jr., McAllen, for appellee.

## OPINION

NYE, Chief Justice.

Appellee Donald Adkins filed his motion to dismiss the appeal. He contends that this Court does not have jurisdiction. The motion to dismiss was set for argument along with the merits of the appeal.

On November 2, 1970, the trial court entered its original judgment for appellee. The appellant timely filed her original and amended motions for new trial. Appellee, on December 3, 1970, filed his reply to the motion for new trial. He asked the court to amend and correct its original judgment, agreeing with the appellant that the court's judgment which granted a landlord's lien upon personal property in accordance with Art. 5238a, Vernon's Ann.Civ.St. was not applicable to this judgment. The statute in question did not go into effect until after this controversy arose. On December 4, 1970, the trial court amended and corrected the judgment. It disposed of all the issues and parties to the lawsuit. The appellant gave her notice of appeal on the same date, incorporating it in the amended judgment. There was no motion for new trial or appeal bond filed in connection with the amended judgment entered December 4. Nothing further was done in connection with this judgment.

The appellant and appellee agreed on January 13, 1971, to postpone the decision on appellant's amended motion for new trial filed on November 30, 1970, until March 5, 1971. The court then entered another judgment (its third) on March 5, 1971. This third judgment was a carbon copy of the December 4 judgment; identical in every respect except as to the date of entry and the initials of the trial judge. Thereafter, appellant filed her appeal bond and tendered the transcript to this court,

all based in time on the entry of the third judgment. Because of the importance of the dates involved, a calendar of events follows:

| | |
|---|---|
| Original Judgment | November 2, 1970 |
| Original motion for new trial | November 10, 1970 |
| Amended motion for new trial | November 30, 1970 |
| Appellee's reply to amended motion for new trial | December 3, 1970 |
| Appellee's motion to amend and correct original judgment | December 3, 1970 |
| Amended and corrected judgment entered and notice of appeal filed | December 4, 1970 |
| Motion for new trial due December 14, 1970 (ten days after entry of judgment—none filed) | |
| Amended and corrected judgment of December 4 became final (thirty days after entry of judgment, i. e. January 3, 1971) | |
| Agreement to postpone decision to March 5, 1971, amended motion for new trial filed | January 13, 1971 |
| Transcript due in Court of Civil Appeals (sixty days from December 4 judgment—February 2, 1971) | |
| Second amended and corrected judgment (third judgment) | March 5, 1971 |
| Court's order upon affidavit to pay costs and appeal bond filed | April 2, 1971 |
| Transcript filed in Court of Civil Appeals | May 3, 1971 |

———◆———

Rule 301, Texas Rules of Civil Procedure, provides that only one final judgment shall be rendered in any cause. The trial court has plenary power over its judgments during the thirty day period after the judgment has been rendered or before a timely filed motion for new trial has been overruled. First State Bank & Trust Co. of Port Lavaca v. Vector Corp., 427 S.W.2d 958 (Tex.Civ.App.—Waco 1968, n. r. e.); McClung v. Camp, 452 S.W. 2d 727 (Tex.Civ.App.—Amarillo 1970). During this period the court may vacate, modify or reform the judgment to correct errors or grant a new trial. The December 4 judgment was entered in response to appellant's amended motion for new trial. This motion did not actually complain of any errors made during the course of the trial, but only cited as substantial error that part of the trial court judgment which granted the landlord's lien in accordance with Art. 5238a, V.A.C.S. Appellee acknowledged that such article went into effect after the events that gave rise to the controversy in question. Appellee joined with the appellant in this respect. The court's amended and corrected judgment disposed of all issues and all parties at the time of its entry. It contained appellant's notice of appeal, and was the final judgment of the court. Appellant's amended motion for new trial (filed November 30, 1970) was overruled by the entry of the

trial court's amended judgment on December 4, 1970. This amended judgment was timely entered because the trial court still had control of its judgment while the motion for new trial was pending before it. Rule 329b, T.R.C.P.

 The appellant's motion for new trial and her amended motion for new trial cannot be considered prematurely filed motions under Rule 306c, T.R.C.P. because such motions complained of the judgment of November 2, 1970 and not of the corrected and amended judgment of December 4, 1970. The appellant had ten days following the December 4 judgment within which to file a new motion for new trial. This she did not do. The appellant had thirty days from December 4 within which to file her appeal bond. This was not done. (Rule 356, subsection a, T.R.C.P.). She did not attempt to file an affidavit in lieu of a bond within twenty days after the judgment of December 4 (Rule 356, subsection b, T.R.C.P.). Without the timely filing of the appeal bond, this Court did not obtain jurisdiction. Even had the appellant filed her bond, the transcript was due sixty days following the entry of judgment of December 4. The transcript was not tendered for filing until May 3, 1971.

The trial court's judgment became final thirty days after the date of its entry, i. e., January 3, 1971. The subsequent agreement between the parties to postpone the decision on the amended motion for new trial, entered on January 13, 1971, was a nullity.

Since the third judgment was entered long after the expiration of thirty days following the rendition and signing of the amended judgment, it is void and cannot be considered in determining the timeliness of this appeal. Lung v. Varga, 400 S.W.2d 1 (Tex.Civ.App.—Austin 1966); Johniken v. Johniken, 377 S.W.2d 745 (Tex.Civ. App.—Texarkana 1964).

Following the filing of appellee's motion to dismiss, this Court invited appellant to answer the motion, to brief the problem involved and to argue the motion on the day the case was set for submission. The appellant has advised the Court that she has found no cases that are contrary to those cited by appellee and does not care to argue such motion. The facts as stated to us by the appellee in his motion are supported by the record. We therefore must dismiss this appeal.

Appeal dismissed.