NATIONAL BANK OF COMMERCE OF BROWNSVILLE, Appellant,

v.

SOUTHMOST DODGE CITY, INC., et al., Appellees.

No. 818.

Court of Civil Appeals of Texas, Corpus Christi.

June 28, 1973.

Franklin T. Graham, Brownsville, for appellant.

Wiech, Lewis & Gann, Brownsville, for appellee.

OPINION

PER CURIAM.

National Bank of Commerce of Brownsville, plaintiff, instituted suit against Southmost Dodge City, Inc., and Leo Maldonado, defendants. After a non-jury trial, a take nothing judgment was rendered in favor of defendants. Plaintiff attempts to appeal that judgment.

The question that we must first determine is whether we have jurisdiction of this appeal. The transcript was received by the Clerk of this Court on Monday, June 4, 1973. It reveals that judgment was rendered for defendants on March 26, 1973, and the next day, March 27, 1973, another judgment was also rendered in behalf of the defendants.

Following the signature of the trial judge to the March 27, 1973 judgment, and appearing on the same page thereof, is the following order which reads:

"ORDER

Judgment dated March 26, 1973, having been signed and entered prior to the above judgment the Court now sets aside this judgment dated March 27, 1973, to avoid confusion and to correct mistake.

Signed for entry April 3, 1973.

/s/ Myrlin O. Johnson
Judge Presiding"

Plaintiff did not file a motion for new trial. Its notice of appeal, which was filed on March 28, 1973, recites:

"Now comes National Bank of Commerce of Brownsville, Plaintiff, and gives this its Notice of Appeal from the judgment of the Court rendered herein, and signed for entry on the 26th day of March, 1973, . . ."

The transcript was delivered by the District Clerk of the trial court to counsel for plaintiff on April 30, 1973. Plaintiff filed a motion in this Court on June 11, 1973,

wherein after first noting the signing and rendering of the aforesaid judgments and order by the trial court, it was stated:

"2.

That attorney for Appellant viewed the order of April 3, 1973, as in effect entering a judgment nunc pro tunc, and re-entering the judgment which the court had previously entered dated March 26, 1973, but having the effect of entering the said judgment as of April 3, 1973.

3.

That filing by appellant of the transcript in this cause was within sixty days from April 3, 1973.

WHEREFORE, Appellant prays that time for filing the transcript be extended as is provided by Rule 386, and the said transcript be filed."

Unquestionably, a court has the inherent power to correct a clerical error appearing in a judgment as distinguished from a judicial error by entry of a judgment nunc pro tunc so as to properly recite the effect of the court's judgment as rendered. Rules 316, 317, Texas Rules of Civil Procedure; Caliva v. Texas Construction Material Co., 380 S.W.2d 641 (Tex.Civ.App.—Houston 1964, n. w. h.); 33 Tex.Jur.2d, Judgments, §§ 28–29, pp. 516–521, and §§ 135–136, pp. 655–659.

When a judgment is entered nunc pro tunc, the right of appeal shall date from the rendition of the nunc pro tunc judgment, and the time periods within which the various steps in such an appeal are to be taken shall be computed from that date. Rule 306b, T.R.C.P.; Stonedale v. Stonedale, 401 S.W.2d 725 (Tex.Civ.App.—Corpus Christi 1966, n. w. h.).

■ The timely filing of the record in the Court of Civil Appeals is a jurisdictional requisite; it cannot be conferred by consent or stipulation of the parties, nor may it be waived either by the appellate court or by the parties to the appeal. Consolidated Casualty Insurance Company v. Wade, 373 S.W.2d 841 (Tex.Civ.App.—Corpus Christi, 1963, writ dismissed).

If the order that was entered on April 3, 1973, was, in effect, a nunc pro tunc judgment, then the tender of the transcript to the Clerk of this Court on Monday, June 4, 1973, was timely. If not, then it was too late.

■ We hold that the order that was signed and rendered on April 3, 1973 was not a nunc pro tunc order or judgment. It did not purport to correct any clerical mistake that had been made in the March 26, 1973 judgment. Its legal effect was to set aside the judgment that was rendered on March 27, 1973; it left unchanged the judgment that was rendered on March 26, 1973. In the instant case, the only appealable judgment that was rendered was the judgment of March 26, 1973. The time for filing the transcript commenced with the rendition of that judgment, not with the rendition of the order of April 3, 1973.

Under Rule 386, T.R.C.P., the transcript in this case was required to be filed in this Court by May 25, 1973, absent a motion by appellant that was timely filed that showed good cause to have existed between March 26, 1973 and May 25, 1973 as to why it could not have been filed within that time, and the granting of same by this Court.

■ Although the transcript was not filed within the time limited therefor, the motion for an extension of time within which to file the same was timely filed. However, the motion does not show "good cause" for the delay. The fact that counsel for plaintiff viewed the order of April 3, 1973 "as in effect entering a judgment nunc pro tunc" is not sufficient "good cause" to permit this Court to grant such an extension of time. Under the circumstances, we are required to deny the motion and to dismiss the appeal. Matlock v.

Matlock, 151 Tex. 308, 249 S.W.2d 587 (1952).

Accordingly, plaintiff's motion to extend the time for filing the transcript is denied. We have no jurisdiction of the appeal.

The appeal is dismissed.