**Frances QUINTANILLA, Appellant,**

**v.**

**SEAGRAVES FORD, INC., Appellee.**

**No. 960.**

Court of Civil Appeals of Texas,
Corpus Christi.

April 17, 1975.

George P. Powell, Edinburg, for appellant.

Joe Smith, Seminole, for appellee.

---

OPINION

NYE, Chief Justice.

Frances Quintanilla plaintiff instituted suit against Seagraves Ford, Inc. defendant. The defendant filed its plea of privilege to be sued in the county of its residence, Gaines County, Texas. Plaintiff filed her controverting affidavit, after which the trial court on October 4, 1974, entered its Order sustaining defendant's plea of privilege and ordering that such cause be transferred to the 106th Judicial District Court of Gaines County, Texas. Plaintiff attempts to appeal from that judgment.

The defendant Seagraves Ford, Inc. filed a motion to dismiss the appeal for want of jurisdiction. The question we must determine is whether the appellant took the proper procedural steps to perfect

the appeal. The transcript was received by the Clerk of this Court on February 13, 1975, after this Court had granted appellant's motion for extension of time for filing of the record. The Transcript contains several Orders. It shows that an Order sustaining defendant's plea of privilege was entered by the trial judge on October 4, 1974. The transcript also contains two subsequent Orders which were entered by the trial court. On December 2, 1974, (59 days after the original Order was entered), the trial judge entered a second Order sustaining the defendant's plea of privilege. On January 29, 1975, (117 days after the first Order was entered), the trial court entered still another Order that stated that the Order dated October 4, 1974, was to be vacated and that the Order dated December 2, 1974 was deemed to be and was the proper and final Order in the cause.

The appellee in its motion to dismiss contends that the October 4, 1974 Order is the final judgment. The appellant's "Affidavit of Inability to Give Appellate Cost Bond" was filed in the lower court on December 12, 1974. It is evident to us that the appellant was computing her time periods with respect to her various appellate steps from the December 2, 1974 Order rather than the October 4, 1974 Order.

■ Rule 301, Texas Rules of Civil Procedure, provides that only one final judgment shall be rendered in any cause. The trial court has plenary power over its judgments during the thirty day period after the judgment has been rendered or before a timely filed motion for new trial has been overruled. Rule 329b(5), Tex.R. Civ.P.; First State Bank and Trust Company of Port Lavaca v. Vector Corporation, 427 S.W.2d 958 (Tex.Civ.App.—Waco 1968, writ ref'd n. r. e.); Dubert v. Adkins, 475 S.W.2d 383 (Tex.Civ.App.—Corpus Christi 1971, no writ). During this period, the trial court may on its own motion or on motion of any party vacate, modify, correct and reform such judgment or grant a new trial. Universal Underwriters Insurance Co. v. Ferguson, 471 S.

W.2d 28 (Tex.Sup.1971); Harang v. Aetna Life Insurance Company, 400 S.W.2d 810 (Tex.Civ.App.—Houston 1966, writ ref'd n. r. e.); First State Bank and Trust Company of Port Lavaca v. Vector Corporation, supra; 33 Tex.Jur.2d, Judgments §§ 135–136.

■ The judgment entered by the trial court on October 4, 1974 was final on November 4, 1974 (after expiration of 30 days). On that date, the trial court lost control over the cause and was without jurisdiction to act further in the matter. The only exception to the above rule is that the court retains the power to enter a nunc pro tunc order correcting any "clerical error" which may appear in its judgments. Approximately 28 days after the court lost jurisdiction, it attempted to enter the second Order granting the defendant's plea of privilege. There is nothing in the record before us indicating why the trial judge entered the December 2, 1974 Order. The October 4, 1974 and December 2, 1974 Orders were the same. The appellant in her January 29, 1975 "Motion" admits that the October 4, 1974 and December 2, 1974 Orders are "substantially the same".

■ The only conceivable theory upon which plaintiff could rely to overcome the obstacles above noted is that she proceeded under Rules 316 and 317, Tex.R.Civ.P., relating to judgments nunc pro tunc. Unquestionably, a court has the inherent power to correct a clerical error appearing in a judgment as distinguished from a judicial error. This is by entry of a judgment nunc pro tunc. Rules 316, 317, Tex.R.Civ. P.; Universal Underwriters Insurance Co. v. Ferguson, supra; Finlay v. Jones, 435 S.W.2d 136 (Tex.Sup.1969); 33 Tex.Jur.2d Judgments, §§ 28–29, pp. 516–521, and §§ 135–136, pp. 655–659. When a judgment is entered nunc pro tunc, the right of appeal dates from the rendition of the nunc pro tunc judgment. The time periods within which the various steps in such an appeal are to be taken shall be computed from that date. Rule 306b, Tex.R.Civ.P. How-

ever, a purported nunc pro tunc entry of judgment is erroneous and of no value where it fails to disclose the ground on which the court acts or what the entry intends to correct. It must show some reason for its entry, and unless it shows that it had been entered "this for that" or in lieu of a former judgment it does not qualify as a nunc pro tunc judgment. Otherwise there would be two judgments entered in the same case. Lung v. Varga, 400 S. W.2d 1 (Tex.Civ.App.—Austin 1966, no writ); Ellison v. Panhandle & Santa Fe Railway Company, 306 S.W.2d 909 (Tex. Civ.App.—Amarillo 1957, no writ); 33 Tex.Jur.2d, Judgments § 32 (1962).

 We hold that the Order that was signed and rendered on December 2, 1974 was not a nunc pro tunc Order or judgment. It did not purport to correct any clerical error that had been made in the October 4, 1974 Order, nor did it designate what entry, if any, was intended to be corrected. See National Bank of Commerce of Brownsville v. Southmost Dodge City, Inc., 498 S.W.2d 410 (Tex.Civ.App.—Corpus Christi 1973, no writ). The December 2, 1974 Order left unchanged the judgment that was rendered on October 4, 1974. In the instant case, the only appealable judgment that was rendered was the judgment of October 4, 1974. The time for filing the appeal bond or affidavit in lieu thereof and the transcript commenced with the rendition of that judgment and not with the rendition of the Order of December 2, 1974.

Under Rule 385(a), Tex.R.Civ.P., plaintiff was required to file her appeal bond or affidavit in lieu of costs within twenty (20) days after rendition of the October 4, 1974 judgment, said period ending October 24, 1974. Plaintiff filed her affidavit on December 12, 1974. Plaintiff was required by Rule 385(b) to file her transcript within twenty (20) days after rendition of the order appealed from or upon motion being filed within five (5) days thereafter for an extension of time in which to file such rec-

ord. Plaintiff was thus required to file either her transcript or a motion for extension of time by October 29, 1974. She failed to do so, by filing her first motion for extension of time on December 23, 1974.

The defendant's motion to dismiss for want of jurisdiction should be granted. The appeal is, therefore, dismissed.

Appeal dismissed.