THREE BEARS, INC., et al., Appellants,

v.

TRANSAMERICAN LEASING
COMPANY, Appellees.

No. 6632.

Court of Civil Appeals of Texas,
El Paso.

Dec. 14, 1977.

Rehearing Denied Jan. 11, 1978.

Lang, Cross, Ladon, Boldrick & Green,
Paul M. Green, Lawrence H. Rubenstein,
James N. Martin, Law Offices of Bruce
Waitz, Bruce Waitz, Van H. Johnson, San
Antonio, for appellants.

Robert C. Patterson, San Antonio, for
appellant guardian ad litem.

Daniel R. Rutherford, San Antonio, for
appellee.

OPINION

OSBORN, Justice.

Our prior opinion in this case, dated November 2, 1977, is withdrawn and the following opinion is substituted therefor.

This is an appeal from a judgment in a jury-tried case. The trial Court, after vacating its first judgment, entered a second judgment for damages and attorney's fees as found by the jury. It appears from the record that this case has become a procedural nightmare for all concerned with the trial and the appeal.

Three Bears, Inc., was engaged in operating a chain of hamburger stands in San Antonio. In February, 1972, Three Bears ordered restaurant equipment from Ray Pittman for three new locations. Transamerican Leasing Company proposed to actually purchase the equipment and then lease it to Three Bears. In May and June, 1973, Three Bears, joined by the G. S. and Gladys A. McCreless Trust, executed three leases in favor of Transamerican, each for a term of 60 months. The first and last monthly payments were made as provided for in the lease. No other payments were ever made because Transamerican was unable to obtain "funding" or financing to pay Pittman for the equipment.

After Transamerican was unable to secure permanent financing, the G. S. and Gladys A. McCreless Trust guaranteed a loan from the First National Bank of San Antonio to Transamerican for $88,000.00 as interim financing. Eventually, the Trust paid the note and caused it to be assigned to G. S. McCreless.

Transamerican filed this suit against Three Bears and the Trust to recover on the three leases. Numerous defenses were alleged in answer to the suit. The case was submitted to the jury on issues covering

conditional delivery of the leases, failure of consideration, damages, and attorney's fees, all of which were answered favorably to Transamerican. On December 4, 1975, judgment was entered on the verdict. A motion for new trial was filed on December 12, 1975, and amended on December 31, 1975. It then became apparent for the first time to the Court and counsel for Appellee that there had been no compliance with Article 7425b–19, Tex.Rev.Civ.Stat.Ann., which requires notice be given to each beneficiary of a trust prior to entry of a judgment in a suit involving a trust. Transamerican filed a motion to reopen the case for a limited purpose so as to give notice to these beneficiaries and to then enter an amended judgment based upon the original jury findings.

On February 12, 1976, the Court vacated its prior judgment and directed Transamerican to comply with Section 19 of the Texas Trust Act. The Court appointed a guardian ad litem to represent two minor contingent beneficiaries of the Trust. The two beneficiaries and seven contingent beneficiaries were all cited to appear. Transamerican then filed a motion for judgment and after a hearing the Court apparently concluded that the provisions of Article 7425b–19 had not been timely complied with and that a new trial was necessary. Transamerican then filed a motion to reconsider which was granted and judgment was entered for Transamerican on August 17, 1976, based upon the earlier jury findings.

During the time the parties and the trial Court were involved with the question of Transamerican's compliance with the Texas Trust Act, the beneficiaries of the Trust filed a motion for leave to file a petition for writ of mandamus in the Texas Supreme Court to require the trial judge to vacate the alleged void judgment entered on December 4, 1975, and to proceed to trial of the case. The motion was overruled on June 9, 1976, and rehearing denied on July 14, 1976. *Durr v. Spears (B–6030)*, 19 Tex. Sup.Ct.Jr. 338 and 382.

The Appellants have timely appealed from the judgment entered in August, 1976.

We must first determine the effect of the order of the Court entered on February 12, 1976, vacating the judgment which had been entered on December 4, 1975. The judgment was vacated more than 30 days after it was entered but within 45 days after the amended motion for new trial was filed. See Rule 329b, Secs. 3 and 5, Tex.R. Civ.P. Basically, Section 3 of this Rule requires that all motions and amended motions for new trial be determined within 45 days after they are filed. Section 5 provides in part that judgments shall become final 30 days after the date of rendition of judgment or order overruling a motion for new trial. Much has been written about a trial Court's "plenary power" over its judgment based upon Rule 329b. That is the basic issue involved in this case. We hold that after 30 days from the rendition of judgment, the Court's plenary power over its judgment terminates in a case where a motion for new trial is not overruled. We hold that an order vacating a prior judgment within 45 days after a motion or amended motion for new trial is filed has the effect of granting a new trial.

In 1973, this Court, in *El Paso Moulding and Manufacturing Co. v. Southwest Forest Industries*, 492 S.W.2d 331 (1973, writ ref'd n. r. e.), said:

" * * * It has been said that the Texas practice proceeds on the notion that there is something slightly sacrosanct about the precise periods within which motions for new trial must be filed and determined. 4 McDonald, Texas Civil Practice, Sec. 18.06.1, p. 241. The same may be said of the trial Court's inherent power to modify or amend a final judgment. It could have amended the final judgment until but not after the expiration of thirty days from the rendition of the final judgment * * *."

We still adhere to that holding. Most of the cases relied upon by Appellee in its motion for rehearing also support such holding.

In *First State Bank and Trust Company of Port Lavaca v. Vector Corporation*, 427 S.W.2d 958 (Tex.Civ.App.—Waco 1968, writ

ref'd n. r. e.), the Court recognized "that the trial court had *plenary power,* until the expiration of *30 days after the date of judgment* in the case on its merits, *or after a motion for new trial was overruled,* to vacate, modify or reform the judgment, to correct clerical errors in the judgment or to grant a new trial * * *." (Emphasis added). That was also the holding by the Court in *Turner v. Texas Sportservice, Inc.,* 312 S.W.2d 388 (Tex.Civ.App.—San Antonio 1958, writ ref'd n. r. e.), where Justice Barrow, writing for the Court, said:

"* * * The court has plenary power until (but not after) 'the expiration of thirty (30) days after the date of judgment or after a motion for new trial is overruled,' regardless of the expiration of a term of court during such period, to vacate, modify, correct or reform the same or to grant a new trial, according to the justice of the case. McDonald, Texas Civil Practice, Vol. 4, pp. 1420–1421, Sec. 18.03. * * *"

The Court in that case went ahead to note that an order vacating its original judgment was valid since it was entered within 45 days after the filing of the motion for new trial. Likewise, in our case the order vacating the original judgment was valid because it was entered within 45 days after the filing of the amended motion for new trial.

These cases all recognize that the Court has complete power over its judgment for a period of 30 days, but that plenary power ends after 30 days when a motion for new trial is not overruled. *Rector v. Rector,* 454 S.W.2d 229 (Tex.Civ.App.—Tyler 1970, no writ). The Court's only remaining power after that date is to grant or deny timely filed motions for new trial. It is on that basis that we hold that when the trial Court vacated the original judgment, more than 30 days after the entry of the first judgment, it necessarily granted a new trial.

In *First National Bank in Dallas v. Walker,* 544 S.W.2d 778 (Tex.Civ.App.—Dallas 1976, no writ), the change in the judgment was made within 30 days from the time the original judgment was entered and the Court in its opinion specifically noted that under the provisions of Rule 329b, Tex.R. Civ.P., a judgment does not become final for 30 days and that the trial Court has jurisdiction over its judgments during that period of time. In both *Thompson v. Gibbs,* 504 S.W.2d 630 (Tex.Civ.App.—Dallas 1973), and *Silberstein v. State,* 522 S.W.2d 562 (Tex.Civ.App.—Austin 1975, no writ), the appellate Courts noted that the trial Court could vacate, correct, alter or modify the original judgment because such action was taken within 30 days after the motion for new trial was overruled. Those cases are not applicable in the case at bar since the trial judge in this case did not overrule the motion for new trial but, instead, vacated the first judgment. Had the trial Court overruled the motion for new trial, under Section 5 of Rule 329b, it would have had 30 days within which to vacate, correct, amend or modify the original judgment, but that is not what happened in this case.

In two mandamus cases, the Supreme Court of Texas has interpreted the provisions of Section 5 of Rule 329b and noted that a judgment becomes final 30 days after the date of rendition of judgment or order overruling an original or amended motion for new trial. *Deen v. Kirk,* 508 S.W.2d 70 (Tex.1974); *General Motors Corporation, Chevrolet Division v. Lane,* 496 S.W.2d 533 (Tex.1973).

Of all the cases cited to us by the Appellee in its motion for rehearing, we find language in only one case with which we may be in conflict. In *Dubert v. Adkins,* 475 S.W.2d 383 (Tex.Civ.App.—Corpus Christi 1971, no writ), the Court said: "The trial court has plenary power over its judgments during the thirty day period after the judgment has been rendered or before a timely filed motion for new trial has been overruled." The Court, in that opinion, then cites the *Vector Corporation* case noted above in support of its statement. The *Vector Corporation* case does not support the actual language used. In the *Dubert* case, the Court went on to say: "This amended judgment was timely entered be-

cause the trial court still had control of its judgment while the motion for new trial was pending before it. Rule 329b, T.R.C. P." Although this language is dictum, it may be in conflict with our holding in this case because the amended judgment was entered more than 30 days after the original judgment, although it may have been after the amended motion for new trial was overruled.

Although there is no conflict in the language used, we do find some conflict in the results reached in *Imperial Insurance Company v. Ellington*, 498 S.W.2d 368 (Tex.Civ. App.—San Antonio 1973, no writ). In that case, the trial Court entered a judgment on March 8, 1972, and a motion for new trial was timely filed on March 17, 1972. On May 1, 1972, less than 45 days after the filing of the motion for new trial, and while it was still pending, the trial Court signed an order setting aside the prior judgment. On the same date, the trial Court entered a new judgment from which an appeal was effected. Justice Cadena in the opinion for the Court, said:

> "The effect of the two orders of May 1, 1972, was to set aside the judgment of March 8, 1972, and to substitute a new judgment in its stead. When a judgment is withdrawn and a new judgment is substituted, if such action takes place within thirty days after the rendition of the first judgment or the order overruling motion for new trial, the action of the trial court is but an exercise of its power to control its judgment; * * *."

As we read the Court's opinion in that case, the order vacating the first judgment was not within 30 days after the rendition of the first judgment or within 30 days after an order overruling the motion for new trial. Thus, we conclude that the rationale of the opinion is not supportive of the facts stated.

We believe the rule is that the trial Court does have plenary power over its judgments during the 30-day period after the judgment has been rendered, but this period is not extended by a timely filed motion for new trial, and after the end of the 30-day period, the Court may then only grant or deny the motion for new trial. If the motion for new trial is overruled, the Court again has plenary power over its judgment for another 30 days.

The rule as presently written does not support the language used in the *Dubert* case or the results reached in the *Ellington* case nor the position taken by the Appellee herein. It is not within our prerogative to either rewrite the rule, or construe it other than as written.

We have carefully considered the Appellee's motion for rehearing and it is overruled. The case is remanded to the trial Court for a new trial.