TRANSAMERICAN LEASING COMPANY, Petitioner,

v.

THREE BEARS, INC., et al., Respondents.

No. B–7398.

Supreme Court of Texas.

June 21, 1978.

Rehearing Denied July 12, 1978.

Daniel R. Rutherford, San Antonio, for petitioner.

Lang, Cross, Ladon, Boldrick & Green, Paul M. Green, Lawrence H. Rubenstein, Bruce Waitz, Van H. Johnson, James N. Martin, Robert C. Patterson, San Antonio, for respondents.

## PER CURIAM.

The question presented by this appeal is whether a trial court has the plenary power to vacate a judgment while the amended motion for new trial is pending before that court. Here, the trial court vacated the original judgment more than thirty days after it was rendered but within forty-five days after the amended motion for new trial was filed. A second judgment was subsequently entered by the trial court and this appeal was perfected. The court of civil appeals held that the trial court's plenary power over its judgment terminates thirty days after the rendition of the judgment where a motion for new trial is not overruled. It, therefore, construed the order vacating the judgment as an order granting a new trial and it reversed the second judgment and remanded the cause for a new trial. 560 S.W.2d 183.

Rule 329b § 5 provides:

Judgments shall become final after the expiration of thirty (30) days after the date of rendition of judgment or order overruling an original or amended motion for new trial. After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law. The failure of a party to file a motion for new trial within the ten (10) day period prescribed in subdivision 1 of this rule shall not deprive the court of jurisdiction to set aside a judgment rendered by it, provided such action be taken within thirty (30) days after the judgment is rendered. The filing of a motion for new trial after ten (10) days have expired and before thirty (30) days have expired since the rendition of the judgment shall not operate to extend the court's jurisdiction over the judgment for a period of more than thirty (30) days from the date of the rendition of judgment.

Under the express provision of this rule, the trial court retains jurisdiction over the cause and, thus, plenary power over its judgment until thirty days after the original or amended motion for new trial is overruled. The original or amended motion for new trial is pending before the trial court until it is overruled either by written order or by operation of law at the expiration of forty-five days from the filing thereof. Rule 329b, § 3 and 4. During the pendency of the motion for new trial and the thirty day period following its overruling, the court has the power to vacate, modify, correct, or reform the judgment or to grant a new trial. *Mathes v. Kelton*, 21 Tex.Sup.Ct.J. 424 (June 17, 1978); *Dubert v. Adkins*, 475 S.W.2d 383 (Tex.Civ.App.—Corpus Christi 1971, no writ); *Turner v. Texas Sportservice*, 312 S.W.2d 388 (Tex. Civ.App.—San Antonio 1958, writ ref'd n. r. e.); McDonald, *Texas Civil Practice* § 18.03 (1971). Reavley and Orr, *Trial Court's Power to Amend Its Judgments*, 25 Baylor L.Rev. 191, 205–206 (1973).

Here the judgment was timely vacated by the trial court while the amended motion for new trial was still pending. Therefore, the decision of the court of civil appeals that the trial court had no power to vacate the judgment is contrary to Rule 329b § 5. Accordingly, we grant Transamerican Leasing Company's application for writ of error and without hearing oral argument, reverse the judgment of the court of civil appeals and remand this cause to the court of civil appeals for that court's

determination of the points asserted therein. Rule 483, Tex.R.Civ.Proc.; *Custom Leasing, Inc. v. Texas Bank & Tr. Co. of Dallas*, 491 S.W.2d 869 (Tex.1973).