**DISMISS and Opinion Filed April 22, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-01445-CV**

**GARY GILLIAM, Appellant**
**V.**
**POETRY LANDING, LLC, Appellee**

**On Appeal from the County Court at Law**
**Rockwall County, Texas**
**Trial Court Cause No. CI18-0024**

# MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Nowell
Opinion by Chief Justice Burns

This is an appeal from an eviction suit initiated in justice court by Poetry Landing, LLC against Gary Gilliam. As reflected in the record, the justice court rendered judgment in favor of Gilliam on March 22, 2018, and Poetry Landing appealed to the county court on April 11, 2018. The county court rendered judgment in favor of Poetry Landing, and Gilliam timely filed this appeal.

Because an appeal from a justice court judgment in an eviction case must be filed no later than five days after the judgment is signed and Poetry Landing filed its appeal twenty days later,[1] we questioned the county court's jurisdiction over Poetry Landing's appeal and, in turn, our

---

[1] The justice court's judgment informed the parties an appeal could be filed within twenty-one days. Generally, the deadline for filing an appeal from a justice court judgment is twenty-one days. *See* TEX. R. CIV. P. 506.1(a). That deadline, however, does not apply in eviction cases. *See id.* 500.3(d), 510.9(a); *see also id.* 500.5(c) (judge may not extend time period relating to appeal).

jurisdiction. *See* TEX. R. CIV. P. 510.9(a) (deadline for appealing justice court judgment in eviction case); *Wetsel v. Fort Worth Brake, Clutch, and Equip., Inc.*, 780 S.W.2d 952, 954 (Tex. App.—Fort Worth 1989, no writ) (untimely appeal from justice court deprives county court of jurisdiction to review justice court's judgment); *First State Bank & Trust Co. of Port Lavaca v. Vector Corp.*, 427 S.W.2d 958, 960 (Tex. Civ. App.—Waco 1968, writ ref'd n.r.e.) (appellate court jurisdiction extends no further than trial court's). At our request, the parties filed letter briefs addressing our concern. Gilliam agrees Poetry Landing's appeal to the county court was untimely and that we lack jurisdiction. He urges we vacate the county court's judgment and dismiss the appeal. Poetry Landing also agrees we lack jurisdiction, but for a different reason. It notes the property at issue in the underlying suit "was not used for residential purposes only" and because it was not, the appeal is prohibited under section 24.007 of the Texas Property Code. *See* TEX. PROP CODE § 24.007 ("A final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only."). It urges we simply dismiss the appeal.

While the property at issue may not have been used for residential purposes only, the prohibition in section 24.007 of the property code is limited to review of the issue of possession. *See id.*; *Rice v. Pinney*, 51 S.W.3d 705, 707 (Tex. App.—Dallas 2001, no pet.). It does not preclude review of the county court's subject matter jurisdiction. *See Rice*, 51 S.W.3d at 708.

When, as here, the trial court lacked jurisdiction, we must set aside the judgment and dismiss not just the appeal but the entire cause. *See Dallas Cty. Appraisal Dist. v. Funds Recovery, Inc.*, 887 S.W.2d 465, 468 (Tex. App.—Dallas 1994, writ denied).

Accordingly, we vacate the county court's judgment and dismiss the cause. *See id.*

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

181445F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GARY GILLIAM, Appellant

No. 05-18-01445-CV          V.

POETRY LANDING, LLC, Appellee

On Appeal from the County Court at Law, Rockwall County, Texas

Trial Court Cause No. CI18-0024.

Opinion delivered by Chief Justice Burns. Justices Molberg and Nowell participating.

In accordance with this Court's opinion of this date, we **VACATE** the county court's judgment and **DISMISS** the cause.

We **ORDER** that appellee Poetry Landing, LLC recover its costs, if any, of this appeal from appellant Gary Gilliam.

Judgment entered April 22, 2019